## Moses Krohn v. Daniel Sweeney.

A public house, which the proprietor designates as a "hotel," and at which guests are provided with lodgings for uncertain periods, and under no express agreement, and which only differs from ordinary hotels in having a refectory on the premises, where guests are at liberty to take their meals, if they wish, and pay for them, then and there: *Held*, To be an inn, and the proprietor an innkeeper, with all the responsibilities attaching to such character, as respects guests received and accommodated with lodgings.

An innkeeper is not relieved from his common law liability, for the loss of his guest's watch and traveling money, by the fact that he has complied with the provisions of the statute of 1855, by providing a safe, and posting notice, as required by that statute (following *Gile* v. *Libby*, 36 Barb. 70).

Appeal by the defendant from a judgment of the general term of the Marine Court.

The action was brought to recover the value of a watch, and a sum of money ($50), stolen from the plaintiff's room, while a guest at defendant's house, known as Sweeney's Hotel.

The defendant denied his liability as an innkeeper. It appeared in evidence that he kept a public house, at No. 68 Chatham street, New York, upon what is called the European plan. There was in the basement of the building a refectory, or dining room, kept by the defendant, in which meals were served at all hours of the day and evening, and, those guests who took their meals there, paid at once for what they ordered, but, for their lodging and other charges, they paid at the office of the hotel when they took their departure.

The defendant had provided a safe for the deposit of articles of value, &c., and had posted notices in the various rooms, as required by the statute of 1855, chap. 421, to regulate the liability of hotel keepers, &c.

The defendant's counsel moved to dismiss the complaint, on the ground that the defendant was not a hotel or innkeeper, but a lodging-house keeper, and, therefore, not responsible to the plaintiff for the alleged loss, and on the further ground, that,

even if a hotel keeper, he was not liable to the plaintiff for, but was exempt by statute from, the alleged loss of the property claimed, because the plaintiff had not deposited the same with the defendant for safe keeping.

The judge denied the motion, and the defendant excepted.

The jury rendered a verdict for the plaintiff.

*Francis Byrne*, for the appellant.

I. The appellant received the respondent as a *lodger*, and no agreement (express or implied) was made by the appellant to entertain the respondent otherwise. The charges for lodgings were made at the office, and meals were paid for at the refectory.

II. The appellant was a *lodging-house* keeper, and not an *inn*keeper, which is a distinct occupation (*Calye's Case*, 8 Coke R. 32; *Janes* v. *Osborn*, 2 Chitty's R. 484; *Doe ex dem., Pitt* v. *Laming*, 4 Camp. R. 77; *Parkhurst* v. *Foster*, 1 Salkeld, 387; *Thompson* v. *Lacey*, 3 Barn. & Ald. 283; *Dansy* v. *Richardson*, 25 E. Law & Eq. R. 76; 1 Bell's Commentaries [5th ed.], 469).

III. If the appellant were an innkeeper, he had a right, by common law, "to require that the property of his guest be delivered into his hands, in order that it may be put into a secure place, and, if the traveler refuse, the innkeeper is not responsible for its safety" (*Calye's Case*, supra; and see Holt's N. P. 211). And the respondent not having done so, assumed the responsibility of loss, and cannot charge the appellant with it.

IV. The appellant complied with the provisions of the statute (Laws of 1855, chap. 421) concerning innkeepers, of which the respondent had notice in the book of arrivals, and *agreed* to the condition therein expressed at the top of the page.

*Kaufmann, Frank & Wilcoxson*, for the respondent.

BY THE COURT.—CARDOZO, J.—The plaintiff claimed to recover the value of a gold watch, and about $50 cash, which

had been stolen from him at night, during his stay at the defendant's premises, in this city. The defendant denies any liability. He claims that he is not an innkeeper, and that his house is not an inn. I think that is an error. He is the proprietor of the premises Nos. 64, 66, and 68 Chatham street, which he designates " Sweeney's Hotel," and its only variation from ordinary hotels is, that on part of the same premises he keeps a refectory, at which his guests take their meals, if they please, paying for them then and there. His house is open to all persons, and he receives them without any express agreement. Travelers go to his premises, and find the ordinary appearances and arrangements of a hotel; they register their names on a book of arrivals, as in hotels generally, and are assigned rooms, which they occupy, with their baggage, as long as they choose to remain. Although no written opinion was prepared, the point has been distinctly ruled, in the general term of this court, that, under such circumstances, the defendant is an innkeeper, and his premises an inn (*Barnard* v. *French,* Gen. T. Com. Pleas, June, 1864). It may very well be that the defendant occupies a twofold character, namely, that of a mere restaurant keeper, so far as relates to persons resorting to his refectory only, for the purpose of taking their meals, while he is an innkeeper, with all the responsibilities attaching to such as respects travelers, who, like the plaintiff, are received by the defendant and accommodated as guests with lodging, in that portion of the building arranged as lodging places, for an uncertain period, und under no express engagement (see *Carpenter* v. *Taylor*, 1 Hilt. 193; *Willard* v. *Reinhardt*, 2 E. D. Smith, 148; *Wintermute* v. *Clarke*, 5 Sand. 243). But at present, it is enough to say, that on the point involved in this case, the liability of the defendant as an innkeeper must be considered as settled by the general term decision in *Barnard* v. *French* (supra).

The loss of the plaintiff's property occurred by theft, committed at night, in the sleeping room which had been assigned to him; and the defendant, upon the theory of his being an innkeeper, insists that he is released from responsibility, because he had complied with the act of 1855, by providing a safe and

posting notice, as required by that statute. The property lost was the plaintiff's watch, and a small sum—about $50—of money. The questions arising on this branch of the case were fully considered in *Gile* v. *Libby* (36 Barb. 70), and a just and reasonable view of the law was there taken, which, I think, upon the finding of the jury, disposes of this case against the defense set up. The judge before whom this case was tried, ruled correctly on the motion to dismiss the complaint, and in his refusals to charge as requested by the defendant's counsel, and submitted the case to the jury with proper instructions, under which they have found a verdict for the plaintiff which cannot be disturbed (see, also, *Stanton* v. *Leland*, 4 E. D. Smith, 88).

The judgment should be affirmed, with costs.