PATRICK HALL *vs.* AMOS PIKE.

In an action against an innkeeper in Cambridge, for loss of the plaintiff's goods, there was
evidence that the defendant both entertained transient guests and kept weekly boarders;
that the usual amount paid by the former was two dollars a day, by the latter, five dol-
lars a week; and that they sat at separate tables. There was no evidence that the plain-
tiff knew of the different rates, and he testified that he had no knowledge of the custom as
to separate tables. There was also evidence that the plaintiff, a journeyman carpenter,
boarded in Boston, when not employed elsewhere, but that, being employed on a building
in Cambridge, he *went early in November to the defendant's inn, and agreed to pay five*
dollars a week for board; that nothing was said as to the time he would remain; that he
remained a week or two, and then left; returned again in four or five days and remained
until December 6th, taking his meals at the table with those who boarded by the week,
and usually spending Sunday in Boston at his old boarding-house. The defendant re-
quested the judge to rule that there was no evidence that the plaintiff was a guest; but
the judge refused. *Held*, that the defendant had no ground of exception.

TORT against the defendant, as an innkeeper, for the loss of
the plaintiff's goods while the plaintiff was a guest at the de-

fendant's inn.   At the trial in the superior court, before *Morton*, J., without a jury, there was evidence tending to show that the defendant was an innkeeper, and kept an inn in Cambridge, where he entertained travellers or transient guests, and kept weekly boarders; his usual price for transient travellers being two dollars per day, or fifty cents for each meal and night's lodging, and for weekly boarders being five dollars per week: there was no evidence that the plaintiff knew of the rates usually charged to others.   The defendant testified that his transient guests were at a separate table, and were provided with a greater variety of food than was provided for the boarders ; but the plaintiff testified that he had no knowledge of this custom, and that it formed no part of the defendant's contract with him. There was also evidence tending to show that the plaintiff, who was an unmarried man, came from New Brunswick, where he had his home, to Boston, two years ago, and has continued to work here as a journeyman carpenter since, boarding in Boston when not employed elsewhere; that in October 1867, he went to Cambridge to work upon a building then in process of erection, giving up his boarding place in Boston, but generally returning there to spend Sundays; that for a few days he boarded at a saloon, but early in November went to the defendant's inn, agreeing to pay five dollars per week for board; that nothing was said by either party as to the time the plaintiff would probably remain; that the plaintiff remained for a week or two, and then left and returned again in four or five days, and remained until December 6th, taking his meals at the table occupied by those who boarded by the week, and usually spending Sundays in Boston at his old boarding-house; that the plaintiff with his room-mate occupied a room with two beds; that on the night of December 2d there was a ball at the hotel, and the house was crowded, and when the plaintiff went to his room he found one of the beds occupied by two men to whom the defendant had assigned it, and who left about two o'clock in the morning; and that the next day, on his return from his work in the evening he plaintiff found that the articles, whose loss was the subject this action had been stolen or taken from his room, and he

has never recovered them. The defendant testified that the two men to whom he assigned the bed were drovers, who were regular customers at his house, and were believed to be honest men. Upon this evidence, the defendant contended that the plaintiff was a boarder, and not a guest, and that the defendant was not liable unless the loss was caused by his negligence, and asked the court so to rule. The court declined so to rule; but upon all the evidence found that the plaintiff was a guest, and that the defendant was liable as an innkeeper for the value of the property lost. The defendant alleged exceptions.

*W. S. Stearns*, for the defendant.

*R. T. Paine, Jr.*, for the plaintiff.

COLT, J. It was a question of fact to be decided upon all the evidence whether the plaintiff sustained the relation of guest or boarder in the defendant's inn at the time of the loss of the articles sued for. This question was submitted by the agreement of the parties to the court for determination. In the absence of a specific agreement, its correct decision requires a consideration of the situation of the parties and all the circumstances. If the defendant was only an innkeeper, the presumption would be that a temporary sojourner, in the absence of other proof, must be a guest. Where, in the same house, he carries on the business of innkeeper and keeper of boarders, it is more difficult. The more prominent occupation would perhaps control in a case where there was no other evidence. The duration of the plaintiff's stay, the price paid, the amount of accommodation afforded, the transient or permanent character of the plaintiff's residence and occupation, his knowledge or want of knowledge of any difference of accommodation afforded to, or price paid by, boarders and guests, are all to be regarded in settling the question. It is expressly decided, however, in *Berkshire Woollen Co.* v. *Proctor* 7 Cush. 417, 424, that an agreement with an innkeeper for the price of board by the week is not decisive that the relation is that of boarder instead of guest. Story on Bailm. § 477.

Upon the evidence reported in this case it would have been clearly erroneous for the judge to have ruled as matter of law

that the plaintiff was a boarder and not a guest. That was a fact to be found on all the evidence by the court, trial by jury having been waived. And unless the evidence is wholly insufficient in law to support a verdict of a jury, no exceptions will lie. If there is any evidence, however slight, proper to be submitted to a jury, it is enough to support the finding. It is not a question of the preponderance or weight of evidence, like that which might arise on a motion for a new trial. *Forsyth* v *Hooper*, 11 Allen, 419. *Cheever* v. *Perley*, Ib. 584.

*Exceptions overruled.*