## L. S. DAVIS *vs.* LEVI B. GAY.

Suffolk. Jan. 25. — May 7, 1886. HOLMES & GARDNER, JJ., absent.

If the papers in a case which comes before this court on appeal are copies of the pleadings, the report of an auditor, and the judgment of the court, the auditor's report is not properly before this court, unless it appears, in some way, that it was made a part of the record of the court below.

In an action for negligently keeping the plaintiff's goods, the report of an auditor stated that the defendant was the proprietor of a building which he let in suites to tenants for housekeeping purposes, furnishing them with attendance, heat, and water; that the plaintiff had a lease of one of the suites, and desired more room for storing trunks; that the defendant told him there was a general storeroom in which he might put them; that the assistant janitor slept there, and he thought they would be safe; that he had employed a competent man, who

would guard the goods; that the plaintiff afterwards put his trunks there; that afterwards the assistant janitor went away and did not return; and that then the contents of the plaintiff's trunks were found to have been stolen. The report further stated that the auditor found, that, on these facts, the defendant was not an innholder, and was not guilty of gross negligence; and that the plaintiff could not maintain his action. *Held,* that no error of law appeared.

TORT for the alleged negligence of the defendant in the keeping of goods delivered to him for safe keeping. The record showed that the case was referred to an auditor, who found the following facts:

The defendant was the owner and proprietor of Hotel Huntington, in Boston. Said structure is divided into twenty-one suites, or flats, rented to families for housekeeping purposes. Heat, hot and cold water, and janitor's services are furnished to each suite by the proprietor. No board, lodging, or accommodation for transient patrons is furnished.

In July, 1880, the defendant leased a suite to one Blackmar, who, on July 28, 1881, assigned the lease to the plaintiff, and the plaintiff entered upon the occupancy of the same. After the plaintiff entered, he complained to the defendant of lack of closet or storage room, and desired to hire an extra room in one of the suites, but the application was rejected, as the defendant was unwilling to break up a suite, but stated to him that there was a storeroom in the basement in which he might store boxes and trunks, and that it was a general storeroom, in which boxes and trunks were stored; that the servants put their trunks there, and he kept his tools there; that Frank, the assistant janitor, slept there; that Frank and the janitor each had a key; that he thought they would be perfectly safe; that he had employed a competent man, and he would guard the goods; and that this room was assigned for keeping the surplus goods of tenants. The plaintiff placed four cases and one trunk there in the last of September. Soon after, he closed up his suite and went away, and, returning in about six weeks, found that his property had been stolen.

While the property was there, and before going away, the plaintiff's wife went to the boxes and trunks to get articles, and opened them in presence of Frank, the assistant janitor, who thus learned that the contents were valuable. Said Frank, one Saturday, while the plaintiff was absent, disappeared, and has

never returned. Some time after his disappearance it was found that the goods had been stolen.

The plaintiff told the defendant that the goods he desired to have stored were valuable; but the defendant did not know they were so stored until after it was reported that they had been lost.

There was no agreement between the parties as to any compensation for the storage, none was demanded, and none paid.

The auditor further found, that this was a mere license on the part of the defendant to store the trunks in the basement, without compensation or payment to the defendant; that the plaintiff was advised and informed of all the conditions surrounding the safety of the deposit; that the defendant was not guilty of gross carelessness or negligence; that the plaintiff knew all the circumstances surrounding the place of deposit, and, placing the goods there himself, he did so at his own risk; that the defendant was not an innholder in the accepted sense of that term; and that the action could not be maintained.

Annexed to the auditor's report was a statement of the testimony before him, in full. The only matter upon which there appeared to be any conflict was in regard to what was said when the arrangement was made for storing the goods. The plaintiff testified that the defendant told him that he "could put the trunks into the trunk-room, and they would be perfectly safe;" that the defendant said that he "had employed an assistant janitor, who would sleep there and watch the goods." The plaintiff's wife testified, that the defendant said he "had an assistant janitor who would sleep in the trunk-room, and the things would be perfectly safe." The defendant testified on this point as follows: "The plaintiff wanted to hire a room in the upper story to put his trunks in. I told him I had none to let. He said he had not room enough for his goods. I told him the only room was the storeroom in the basement. He asked if it was safe. I said that, so far as I knew, they would be safe; that a young man slept there."

The record further showed, that the Superior Court ordered judgment for the defendant; and that the plaintiff appealed to this court.

*C. H. Drew*, for the plaintiff.

*J. B. Goodrich*, for the defendant.

W. ALLEN, J. This case comes before us on appeal from a judgment of the Superior Court. The record shows no error in the judgment, and it must be affirmed.

In fact, though the record does not show it, the case was heard by the court below upon the report of an auditor, including evidence reported by him, and both parties have proceeded as if that fact and the auditor's report were in the record. This is wrong, because an auditor's report is only evidence, and is no part of the record, unless made so as agreed facts, or by being made part of a report, or of exceptions.

But, as both parties have presented the case as if the report of the auditor were before us as the only evidence on which the court below rendered judgment for the defendant, we have considered the questions which have been argued, and which the parties intended to present by the appeal.

The auditor found, in effect, that the defendant was not an innholder; that he was not guilty of gross negligence; and that he was not a bailee for hire, or such a bailee that he would be liable without gross negligence. The only questions of law presented upon the record seem to be as to the sufficiency of the evidence to sustain these findings, and the correctness of the conclusion from them that the defendant is not liable.

The argument for the plaintiff is, that the defendant was a bailee for hire; or, if not, that he made a special undertaking to keep the goods safely. But these are precisely the points that the auditor decided, upon conflicting evidence, adversely to the plaintiff. There was sufficient evidence to sustain the findings of fact, and we find no error of law in the record.

*Judgment for the defendant affirmed.*