[No. 13350.   In Bank. — February 4, 1892.]

## MARY T. FAY, RESPONDENT, *v.* THE PACIFIC IMPROVEMENT COMPANY, APPELLANT.

INNS — DEFINITION. — An inn is a house which is held out to the public as a place where all transient persons who come will be received and entertained as guests for compensation.

ID. — INN DISTINGUISHED FROM BOARDING-HOUSE. — The fact that the house is open for the public, that those who patronize it come to it upon the invitation which is extended to the general public, and without any previous agreement for accommodation or agreement as to the duration of their stay, marks the important distinction between a hotel or inn and a boarding-house.

ID. — EVIDENCE PROVING A PUBLIC INN. — Evidence that a house has a name indicating its character as a hotel; that it is open to all persons having a right to demand entertainment at a public house; that it solicits public patronage by advertising and in the distribution of its business cards, and keeps a public register in which its guests enter their names upon arrival; that it runs a coach to the railroad station for the purpose of conveying its patrons to and from the hotel, and has its manager, clerks, and waiters, and in its interior management has all of the ordinary arrangements and appearances of a hotel, and charges prices for board and lodging, — sufficiently shows it to be a public inn, and not a mere boarding-house.

ID. — SITUATION APART FROM HIGHWAY — INCLOSURE OF GROUNDS — INN — BOARDING-HOUSE. — The fact that such house is not immediately upon a highway, and that the grounds upon which it stands are inclosed and the gates closed at night, does not render it any the less an inn, or convert it into a boarding-house.

ID. — VARIATION IN MANAGEMENT — ENTERTAINMENT OF TRANSIENT
    GUESTS. — A hotel is none the less one because in some respects it may
    be conducted differently or have more attractions than other public
    hotels, so long as it is held out to the public as a place for the entertain-
    ment of all transient persons who may have occasion to patronize it.
ID. — GUEST — TEMPORARY SOJOURNER — BOARDER — ASCERTAINMENT OF
    PRICE. — A person who goes to a public inn, and remains there as a tem-
    porary sojourner, without any agreement as to the time of stopping, and
    with the intention of only resting a week or two, and then departing
    upon a journey, and who obtains no reduction in price in consideration
    of an agreement to remain a definite time, and is not expressly agreed
    to be received as a boarder, is a guest, and not a boarder; and the mere
    fact that, upon arrival at the inn, such person, before being assigned to a
    room, ascertains the price to be charged for the room and board, is not
    sufficient of itself to prove that he was not received as a guest.
ID. — PRESUMPTION. — A party who goes to a public inn will be presumed
    to go as a guest, and not as a boarder.
ID. — LOSS OF PROPERTY OF GUESTS — LIABILITY OF INNKEEPER — FIRE
    ORIGINATING FROM ELECTRIC BATTERIES. — Under section 1859 of the
    Civil Code, providing that an innkeeper is liable for the loss of personal
    property placed by his guests under his care, "unless occasioned by an
    irresistible superhuman cause," such innkeeper is liable for a loss occa-
    sioned by the burning of the inn, where the origin of the fire is not
    shown further than that it broke out in one of the rooms where nothing
    was kept except electric batteries.
ID. — "IRRESISTIBLE SUPERHUMAN CAUSE" — ACT OF GOD — ACCIDENTAL
    FIRE. — The words "irresistible superhuman cause" are equivalent in
    meaning to the phrase "act of God," and refer to those natural causes
    the effect of which cannot be prevented by the exercise of prudence, dil-
    igence, and care, and the use of those appliances which the situation of
    the party renders it reasonable that he should employ, and do not in-
    clude an accidental fire, unless started by lightning or some superhuman
    agency.
ID. — WEARING APPAREL — JEWELRY — CONTENTS OF TRUNK — CUSTODY OF
    GUEST. — A guest at a public inn may retain personal custody of his
    goods within the inn, — as of his trunk and its contents, his wearing ap-
    parel, and other articles in his room, and any jewelry or valuables carried
    or worn about his person, — without discharging the innkeeper from re-
    sponsibility for their loss by an accidental fire because not deposited in
    his exclusive possession.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*S. F. Geil,* and *H. V. Morehouse,* for Appellant.

The defendant was not an innkeeper, but conceding
that he was, an innkeeper is not liable for losses occa-

sioned by an irresistible superhuman cause, or negligence of the owner. (Civ. Code, sec. 1859; *Faucett v. Nichols*, 64 N. Y. 377; Wandell on Inns, 170; *Cutler v. Bonney*, 30 Mich. 259; 18 Am. Rep. 127.) There being no proof that the fire originated through any negligence of the defendant, the defendant is not responsible. (*Merritt v. Claghorn*, 23 Vt. 177; *Vance v. Throckmorton*, 5 Bush, 42; 96 Am. Dec. 327; 1 Addison on Torts, sec. 684; Wandell on Inns, 165–176; *Cutler v. Bonney*, 30 Mich. 259; 18 Am. Rep. 127; Wharton on Negligence, 665; *Danson v. Chamney*, 5 Q. B. 164; *Cayles's Case*, 8 Coke, 32; 1 Bla. Com. 430; 2 Hilliard on Torts, 534; Schouler on Bailments, sec. 304; *McDaniels v. Robinson*, 26 Vt. 316; 62 Am. Dec. 574; *Read v. Amidon*, 41 Vt. 15; 98 Am. Dec. 560; *Laird v. Eichold*, 10 Ind. 212; 71 Am. Dec. 323; *Dessauer v. Baker*, 1 Wils. (Ind.) 429; *Metcalf v. Hess*, 14 Ill. 129; *Johnson v. Richardson*, 17 Ill. 302; 63 Am. Dec. 369; *Howth v. Franklin*, 20 Tex. 798; 73 Am. Dec. 218; *Woodward v. Morse*, 18 La. Ann. 156; Redfield on Corporations, 596; Story on Bailments, 472.) The innkeeper is exonerated by showing that the guest has taken upon himself the custody of his own goods, or has by his own negligence exposed them to peril. (*Read v. Amidon*, 41 Vt. 15; 98 Am. Dec. 560; Story on Bailments, 478, 480, 482, 483; *Elcox v. Hill*, 98 U. S. 212; *Vance v. Throckmorton*, 5 Bush, 45; 96 Am. Dec. 327; Civ. Code, sec. 859.) The Hotel Del Monte was not a common inn. An innkeeper is one who holds himself out to the public as engaged in the business of keeping a house for the lodging and entertainment of travelers and passengers, their horses and attendants, for a reasonable compensation. (*Howth v. Franklin*, 20 Tex. 801; 73 Am. Dec. 218; *Thompson v. Lacy*, 3 Barn. & Adol. 283; Story on Bailments, sec. 475; *Ingalsbee v. Wood*, 36 Barb. 462; Edwards on Bailments, sec. 450; Schouler on Bailments, 2d ed., sec. 450.) The distinction between an inn and a boarding-house is, that in an inn the keeper of the house holds himself out to receive every one who applies, while the boarding-house keeper

reserves the choice of comers and terms of accommodation, contracting specially with each customer. (Schouler on Bailments, 2d ed., 279; *Wintermute* v. *Clark*, 5 Sand. 242–246; *Willard* v. *Reinhardt*, 2 E. D. Smith, 148, 149; *Dansey* v. *Richardson*, 3 El. & B. 144–159; *Cady* v. *McDowell*, 1 Lans. 484–486.) Inns are instituted for passengers and wayfaring men. (*Mateer* v. *Brown*, 1 Cal. 230; 52 Am. Dec. 303.) The proprietor of a watering-place establishment is not an innkeeper. So persons who keep a house for lodging strangers for a season, rather than for guests for a day, night, or week; for health-seekers, rather than for travelers; and for special visitors, rather than for the general public. (*Southwood* v. *Myers*, 3 Bush, 681, 685; *Bonner* v. *Welborn*, 7 Ga. 296, 307; *Parkhurst* v. *Foster*, 5 Mod. 426; *Parker* v. *Flint*, 12 Mod. 254, 255; *Kisten* v. *Hildebrand*, 9 B. Mon. 72; 48 Am. Dec. 416, 418.) The plaintiff was not a guest, but a boarder, at the hotel, as she was entertained on a special contract to sojourn for a limited time. (Story on Bailments, sec. 477; Wandell on Inns, 64; *Chamberlain* v. *Masterson*, 26 Ala. 371; *Ewart* v. *Stark*, 8 Rich. 423; *Hursh* v. *Beyers*, 29 Mo. 469; *Parkhurst* v. *Foster*, 1 Salk. 388; *Parker* v. *Flint*, 12 Mod. 255; *Bonner* v. *Welborn*, 7 Ga. 297.) An innkeeper cannot make any terms or conditions with his guests. (*Cole* v. *Goodwin*, 10 Wend. 269.) The guest must be a traveler. (*Rex* v. *Luellin*, 12 Mod. 445; *Ingalsbee* v. *Wood*, 36 Barb. 451; Bac. Abr., tit. Inns, C, 5; *Parkhurst* v. *Foster*, 1 Salk. 383–388; *Reguea* v. *Rymer*, L. R. 2 Q. B. D. 136; *Moore* v. *Development Co.*, 87 Cal. 487.) The plaintiff being a boarder, the responsibility was not that of an insurer, but of a bailee. (*Chamberlain* v. *Masterson*, 26 Ala. 371; *Manning* v. *Wells*, 9 Humph. 746; 51 Am. Dec. 688; *Ewart* v. *Stark*, 8 Rich. 423; 2 Am. & Eng. Ency. of Law, 55.) The defendant, being only the bailee of the plaintiff, is responsible to the plaintiff only upon proof of culpable negligence on the part of defendant. (*Manning* v. *Wells*, 9 Humph. 746; 51 Am. Dec. 668.)

*A. B. Hotchkiss, amicus curiæ,* also for Appellant.

*D. M. Delmas,* for Respondent.

The Hotel Del Monte was, in legal parlance, an inn. (*Cromwell* v. *Stevens,* 2 Daly, 15, 24; *Pinkerton* v. *Woodward,* 33 Cal. 557, 596; 91 Am. Dec. 657; *Com.* v. *Wetherbee,* 101 Mass. 214, 217; *Thompson* v. *Lacy,* 3 Barn. & Ald. 286; *Southwood* v. *Myers,* 3 Bush, 681–684; Edwards on Bailments, 388; Schouler on Bailments, 212, 249, 257.) The fact that it was not situated on a highway or route of travel did not render it any the less an inn. It is not the location, but the character of the house, which determines whether it is an inn or not. (*Bonner* v. *Welborn,* 7 Ga. 296, 319.) The fact that the grounds were closed at night was immaterial. (*Com.* v. *Wetherbee,* 101 Mass. 217.) Even if the hotel was advertised as a place of resort for recreation and pleasure, it would not thereby cease to be an inn. (Edwards on Bailments, 391; Schouler on Bailments, 250.) The plaintiff was a guest, and not a boarder. (*Walling* v. *Potter,* 35 Conn. 183, 185.) A person seeking accommodations at a hotel does not cease to be a guest and become a boarder from the fact that he ascertains, upon entering, the price that will be charged him, or indicates the length of time of his stay. (*Pinkerton* v. *Woodward,* 33 Cal. 597; 91 Am. Dec. 657; *Hancock* v. *Rand,* 17 Hun, 279; 94 N. Y. 1; 46 Am. Rep. 112; *Walling* v. *Potter,* 35 Conn. 183; *Lusk* v. *Belote,* 22 Minn. 468; *Beale* v. *Posey,* 72 Ala. 323; *Shoecraft* v. *Bailey,* 25 Iowa, 553; *Berkshire etc. Co.* v. *Proctor,* 7 Cush. 417; *Jalie* v. *Cardinal,* 35 Wis. 118; *Hall* v. *Pike,* 100 Mass. 495; *Ross* v. *Mellin,* 36 Minn. 423.) The articles destroyed were required by the guest for her present use, and were not covered by the statutory exemption. (*Noble* v. *Milliken,* 77 Me. 360; *Gile* v. *Libby,* 36 Barb. 70; *Krohn* v. *Sweeny,* 2 Daly, 200; *Jalie* v. *Cardinal,* 35 Wis. 126; Schouler on Bailments, 279; Wandell on Inns, 128, 131.) The innkeeper can exonerate himself from liability for the destruction of his guest's goods, only by showing that the loss occurred either by an irresistible

superhuman cause, or by an act of a public enemy, or by the acts or negligence of the guest himself or those whom he brings with him into the inn. (*Mason* v. *Thompson*, 9 Pick. 280–283; 20 Am. Dec. 471; *Hulett* v. *Swift*, 33 N. Y. 571; 88 Am. Dec. 405; 42 Barb. 230, 253; *Wilkins* v. *Earle*, 44 N. Y. 172, 178; *Purvis* v. *Coleman*, 21 N. Y. 111, 116, 117; *Piper* v. *Manny*, 21 Wend. 282–284; *Ramaley* v. *Leland*, 43 N. Y. 539, 541; 3 Am. Rep. 728; *Norcross* v. *Norcross*, 53 Me. 163, 169; *Shaw* v. *Berry*, 31 Me. 478, 482; 52 Am. Dec. 628; *Jalie* v. *Cardinal*, 35 Wis. 118, 127; *Lusk* v. *Belote*, 22 Minn. 468, 469; *Thickstun* v. *Howard*, 8 Blackf. 535, 537; *Dunbier* v. *Day*, 12 Neb. 596, 605–607; 41 Am. Rep. 772; 2 Kent's Com. 592; Wandell on Inns, 91, 157, 165; *Pinkerton* v. *Woodward*, 33 Cal. 599, 600; 91 Am. Dec. 657; *Mateer* v. *Brown*, 1 Cal. 221; 52 Am. Dec. 303.)   Proof on the guest's part of the simple fact of the loss of his effects through the destruction of the inn by fire establishes *prima facie* his right to recover, and casts upon the innkeeper the burden of showing at least that the fire was accidental and arose without negligence on his part.   (Story on Bailments, sec. 472; Chitty on Contracts, 414; *Hulett* v. *Swift*, 33 N. Y. 571; 88 Am. Dec. 405; *Niblo* v. *Binee*, 44 Barb. 54; *McCall* v. *Brock*, 5 Strob. 119, 125; Angell on Carriers, sec. 183; Hutchinson on Carriers, sec. 183.)

The COURT. — Upon further consideration of this cause, after hearing in Bank, we are satisfied with the conclusion reached in Department, and with the opinion there rendered, and for the reasons stated in said opinion, the judgment and order appealed from are affirmed.

BEATTY, C. J., and PATERSON, J., dissented.

The following is the opinion of Department Two, above referred to, rendered on the 23d of June, 1891: —

DE HAVEN, J. — The plaintiff recovered judgment against the defendant for damages occasioned by the loss of her jewelry, wearing apparel, and other articles of personal property needed for her personal use consumed

by fire at the burning of the Hotel Del Monte, April 1, 1887, of which the defendant was at that time the proprietor.

The court below found that the Hotel Del Monte was, at the date named, a public inn, and that plaintiff was a guest therein.   On this appeal the defendant claims that the evidence does not sustain these findings; and also that the burning of the hotel was an irresistible superhuman cause, for which it is not liable, and that it is not, in any event, liable for plaintiff's diamonds and other jewelry, because not deposited in defendant's safe.

1. An inn is a house which is held out to the public as a place where all transient persons who come will be received and entertained as guests for compensation, — a hotel.   In *Wintermute* v. *Clark,* 5 Sand. 247, an inn is defined as a public house of entertainment for all who choose to visit it, and this definition was quoted with approval by this court in *Pinkerton* v. *Woodward,* 33 Cal. 596.   The fact that the house is open for the public, that those who patronize it come to it upon the invitation which is extended to the general public, and without any previous agreement for accommodation or agreement as to the duration of their stay, marks the important distinction between a hotel or inn and a boarding-house.   This difference is thus stated in Schouler on Bailments: " An inn is a house where a keeper holds himself out as ready to receive all who may choose to resort thither and pay an adequate price for the entertainment; while the keeper of a boarding-house reserves the choice of comers and the terms of accommodation, contracting specially with each customer, and most commonly arranging for long periods and a definite abode." (Schouler on Bailments, 253.)

We think the evidence in this case is full and complete to the point that the Hotel Del Monte was a public inn.   It not only had a name indicating its character as such, but it was also shown that it was open to all persons who have a right to demand entertainment at a public house; that it solicited public patronage by ad-

vertising and in the distribution of its business cards, and kept a public register in which its guests entered their names upon arrival and before they were assigned rooms; that the hotel, at its own expense, ran a coach to the railroad station for the purpose of conveying its patrons to and from the hotel; that it had its manager, clerks, waiters, and in its interior management all the ordinary arrangements and appearances of a hotel, and the prices charged were for board and lodging. These facts were certainly sufficient to justify the court in finding, as it did, that the appellant was an innkeeper. (*Krohn* v. *Sweeny*, 2 Daly, 200.) Nor was the force of this evidence in any wise modified by the fact that the hotel was not immediately upon a highway, or that the grounds upon which it stood were inclosed and the gates closed at night. The location of the hotel, the extent of the grounds surrounding it, and the manner in which these grounds were improved, and reserved for the exclusive use and enjoyment of those who patronized it, doubtless made the hotel more attractive to those who chose to make a transient resort of it, but did not convert it into a mere boarding-house. A hotel is none the less one because in some respects it may be conducted differently or have more attractions than other public hotels, so long as it is held out to the public as a place for the entertainment of all transient persons who may have occasion to patronize it.

"Modes of entertainment alter with the fashion of the age, and to preserve a clear definition is not easy. It is not wayfarers alone, or travelers from a distance, that at the present day give character to an inn, the point being rather that people resort to the house habitually, no matter whence coming or whither going, as for transient lodging and entertainment." (Schouler on Bailments, 249.)

2. The evidence shows that the plaintiff was a guest, and not a boarder. The fact that upon her arrival, and before being assigned to her room, she ascertained what she would have to pay for the room and board is not

sufficient of itself to show that she was not received as a guest. (*Pinkerton* v. *Woodward,* 33 Cal. 597; *Hancock* v. *Rand,* 94 N. Y. 1; 46 Am. Rep. 112; *Jalie* v. *Cardinal,* 35 Wis. 118; *Hall* v. *Pike,* 100 Mass. 495; *Berkshire Woolen Co.* v. *Proctor,* 7 Cush. 417.)

The Del Monte being a public hotel, in the absence of evidence showing that plaintiff went there as a boarder, the presumption would be that she went there as a guest. (*Hall* v. *Pike,* 100 Mass. 495.) Not only does the evidence fail to overthrow this presumption, but the testimony of the plaintiff shows that she was there as a mere temporary sojourner, without any agreement as to the time she should stay, and with only the intention on her part of resting a week or two, and then proceeding to the East. She obtained no reduction of price in consideration of an agreement to remain a definite time, or as a boarder; nor was there anything said from which it could be inferred that there was any understanding between her and the defendant that she was to be received as a boarder, and not as a guest.

3. Under section 1859 of the Civil Code, an innkeeper is liable for the loss of personal property placed by his guests under his care, "unless occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of some one whom he brought into the inn."

In this case, the loss was occasioned by the burning of the hotel, and the origin of the fire is not shown further than that it broke out in one of the rooms in which there was nothing except the batteries which supplied the bells with electricity. Under this state of facts, the defendant is liable. (*Hulett* v. *Swift,* 33 N. Y. 571; 88 Am. Dec. 405.) A fire thus occurring cannot be considered an "irresistible superhuman cause," within the meaning of section 1859 of the Civil Code. The words "irresistible superhuman cause" are equivalent in meaning to the phrase "the act of God," and refer to those natural causes the effects of which cannot be prevented by the exercise of prudence, diligence, and care, and the

use of those appliances which the situation of the party renders it reasonable that he should employ. (1 Am. & Eng. Ency. of Law, 174.) A loss arising from an accidental fire is not caused by the act of God, unless the fire was started by lightning or some superhuman agency. (*Miller* v. *Steam Nav. Co.*, 10 N. Y. 431; *Chicago etc. R. R. Co.* v. *Sawyer*, 69 Ill. 285; 18 Am. Rep. 613.)

4. The court finds that the property lost was such as was needed for the present personal use of the plaintiff. We cannot say that the evidence does not support this finding. It certainly cannot be said that jewelry worn by a woman daily must, when not actually upon her person, be deposited with the innkeeper, in order to make him responsible for its loss in the inn. If worn daily, it does not cease to be needed for present personal use when its possessor lays it aside upon retiring for the night. Nor is it necessary, in order to render the innkeeper liable, that the property should have been delivered into his exclusive personal possession.

" The guest may retain personal custody of his goods within the inn, — as of his trunk and its contents, his wearing apparel, and other articles in his room, and any jewelry or valuables carried or worn about his person, — without discharging the innkeeper from responsibility." (*Jalie* v. *Cardinal*, 35 Wis. 126.)

We have examined the other points made by appellant, but do not think they call for special discussion.

The rule which makes an innkeeper liable for the value of the property of his guest, in case of its loss by fire, may at first thought be deemed a harsh one; but the loss must fall somewhere, and section 1859 of the Civil Code provides upon whom it should properly fall, and the innkeeper's liability in this respect is one of the burdens pertaining to the business in which he is engaged, and in view of which it must be supposed that he regulates his charges.

Judgment and order affirmed.

SHARPSTEIN, J., and MCFARLAND, J., concurred.