Charles F. Claiborne,
 Judge. 8182

ISAAC M. WEISS

 VS No. 8182

SUCC'N. of A. MONTELEONE,
 Appellant.

January 16th, 1922.

ISAAC M. WEISS

VS.

SUCC'N. of A. MONTELEONE,
Appellant.

No. 8182.

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff sued the defendant, keeper of a hotel, for $230.00 which he alleged had been stolen from the room he occupied in the hotel. He alleged that on April 6th. and 7th, 1919, he was a guest in defendant's hotel and was assigned a room; that he was not furnished with any key, although he repeatedly asked for one; that on retiring at night he "had in his right hand pant's pocket the sum of $230" which he counted; that when he awoke the next morning he found that his money had been stolen during the night; that he is a traveling salesman covering the territory of the Southern and Middle Western States from Washington to Texas and from Oklahoma to Pittsburg, for the Empire State Ladies' Underwear Corporation of New York, and that the said sum of $230 was not an unreasonable amount of pocket-money for him to carry about his person to defray his current expenses of traveling; and he prayed for judgment for $230.00.

The defendant pleaded a general denial and further averred:

"that respondent's hotel was provided with an iron chest and vault or safe deposit for valuable articles, including money, belonging to its guests and customers, and that it has always kept posted, particularly before, on, and since April 6, 1919, upon its doors and other public places in said Hotel Monteleone, printed notices to all of its guests and customers, that they must leave their valuables with respondent, its agents, or clerks, for

278

safe keeping, in order that respondent may make
safe deposit of the same in said iron chest and
other safe deposit vault provided for that purpose;
that said printed notice was conspicuously posted
upon said doors and other places in respondent's·
hotel, and notwithstanding said notices, the plain-
tiff failed to leave with respondent or its clerk or
agents, for deposit, any moneys or other articles of
value, at any time whilst he was a guest at said ho-
tel; that respondent has complied with all the re-
quirements of the law in the premises, and for which
it is not responsible to the plaintiff for any loss
that he may have sustained -; respondent further
avers that it had posted, as above specified, in a
conspicuous manner in the room occupied by the plain-
tiff herein, before, on, and since the month of April
1919 a notice requiring plaintiff to deposit his
money, jewels, and ornaments in the office safe and
to bolt his door, or on leaving to lock his ddor and
leave the key in the office, by reason whereof your
respondent is not liable. x x x Further answering
respondent says that Article 2971 of the Revised Civil
Code of 1870 as amended and reenacted by Act 231 p
519 of the General Assembly of Louisiana of 1912, was
conspicuously posted in the guest rooms of said hotel,
and particularly in the guest room occupied by the
plaintiff, before, on, and since the month of April
1919 in the following words and figures, to-wit:
"Article 2971. No landlord or innkeeper shall be
liable under the provisions of the foregoing six
articles to any guests or party of guests occupying
the same apartments for any loss sustained by such
guests, or party of guests, by theft or otherwise,

in any sum exceeding one hundred dollars, unless by special agreement in writing with the **proprietor**, manager or lessee of the hotel or inn a greater liability has been contracted for".Provided that no guest shall be held bound by the limitation of value established in this Article unless this Article is conspicuously posted in the guest room".

There was judgment in favor of the plaintiff for one hundred dollars, and the defendant has appealed.

It is not disputed that the Act of 1912 copied hereinabove limits the liability of the innkeeper to $100, and that no judgment can be rendered herein in excess of said sum.

But the defendant relies upon Articles 2968 and 2969 of the Civil Code which are a reproduction of Act No. 5 of 1860 p 7, entitled "an act for the protection of Hotel Keepers" and read as follows:

C. C. 2968: "Every landlord or keeper of a public inn or hotel, shall be required to provide with an iron chest or other safe deposit for valuable articles belonging to his guests or customers, and each landlord or hotel keeper shall keep posted upon his doors and other public places in his house of entertainment, written or printed notices to his guests and customers that they must leave their valuables with the landlord, his agent, or clark, for safe keeping, that he may make safe deposit of the same in the place provided for that purpose".

C. C. 2969: "Every landlord, hotel, or inn keeper who shall comply with the requirements of the preceding articles, shall not be liable for any money, jewelry, watches, plate, or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small compass, which may be abstracted or lost from any such

280

public inn or hotel, if the same shall not be left with the landlord, his clerk, or agent, for deposit, unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him in such inn or hotel; provided, however, that the provisions of this Article shall not apply to a wearing watch or such other articles of jewelry as are ordinarily worn about the person".

We have found no interpretation of these Articles by the Supreme Court, But in 18 A. 156 (157), the Supreme Court said:

"Defendants might have easily avoided the responsibility imposed upon them by the Articles of the Code referred to, (2965, 2967, 2970) by giving the notice authorized in an Act of the Legislature passed on the 16th. of January, 1860 for the protection of hotel keepers".

The evidence establishes that the defendant complied with the Articles 2968 and 2969, and it is not disputed. Having complied, in the language of the law, he is not liable for any money that may be abstracted from his hotel-, unless the loss occurred through the negligence of the hotel keeper.

The only negligence charged to the defendant is his failure to provide the plaintiff with a key with which he might have locked the door of his room when he retired at night. That might have raised a serious question if the unlocked door had been the immediate cause of the loss. But we consider that it was the remote cause, and that it was plaintiff's fault which was the immediate cause of his loss. He was negligent in not depositing his money with the hotel clerk. He left it in the pocket of his trousers upon the chair, the very place where a thief would be likely to look for it on entering his room, The door of his room was not locked. If subsequent to the negligence of the defendant, plaintiff, by the exercise of due diligence, could have avoided the effect of such negligence, but failed to

do so, he will not be able to recover. 38 S. E. 82; 140 Mass. 123; 2 N. E. 934.

In the 14 A. 526, 528, it was said that a traveler who contributes to his loss cannot recover. 14 A. 526, 528. Leaving a watch and chain and other valuables upon the dresser in his room instead of concealing them "under the mattress or in some part of the room" was negligence. 14 A. 528. One of the witnesses in this case has said "sometimes I put it in my shoe, sometimes tie it aroung my ankle". See also 7 A. 361.

Counsel, in his brief, urges the argument,

"that, under the law, Mr. Weiss was entitled to have upon his person a reasonable amount of money for his expenses x x and that for a traveling salesman to have $230 on his person is not an excessive or unreasonable amount of money".

We apprehend that such was the view taken by the District Judge. He would have been right prior to the Amendment of 1860 under Article 2971 of the Civil Code as interpreted in 18 A. 156, 5 Ct. App. 61, 14 A. 326 and 527.

"According to the circumstances of the fact and the condition of the parties".

But Article C. C. 2969 says that the hotel keeper"shall not be liable for any money", without any qualification; the Court has no right to create any to suit its own views upon the subject.

In Hyatt vs Taylor, 51 Barbour 632 (New York Supreme √ Court) under a statute similar in may respects to our Articles of the Civil Code, the trial judge charged the jury

"that they (the hotel keepers) were not protected as to money sufficient for traveling expenses of the plaintiff",

The Supreme Court said:

"there is no exception in the Act of any portion of the guest's money. Not a word that indicates an intention.

to except money necessary for traveling expenses. On
the contrary, every word used in the Act denotes an in-
tention to relieve them from liability, as to all money,
jewels, and ornaments in the possession of the guests.
The language is so plain that I think & c".
See also 44 N. Y. 172; 9 Ohio Dec. 372; 24 Wisc. 241;
Stewart vs Parsons.

In 42 N. Y. 258 (Court of Appeals) same Hyatt vs Taylor,
the Court said:

"An innkeeper who provides a safe for the reception of
money, jewels, or ornaments, and posts up in the room of
his guest a notice that they may be deposited in the safe
pursuant to a statute declaring that he shall not be
liable for any loss thereof in case the guest neglects
to so deposit them, is not liable for the loss of any
money, jewels, or ornaments not deposited in a safe.
The protection to innkeepers given by the statute is
not limited to money or valuables in excess of what
the guest may reasonably require for his traveling ex-
penses or personal convenience, but embraces all money,
jewels, or ornaments which the guest brings with him
without reference to the amount or value". Affirmed
in 43 N. Y. 539.

Any other construction would absolutely abrogate the
Articles 2968 and 2969 of the Civil Code and reinstate Article
2965 (2936) prior to its Amendment by the Act of 1860 as inter-
preted in 18 A. 156 and prior decisions. But it must be remem-
bered that the title of the act of 1860 is "An Act for the pro-
tection of Hotel Keepers", and that it was intended to extend
to them a protection which they had not enjoyed heretofore.
Under the law as it existed prior to 1860 they were responsible
for such money as was necessary to meet traveling expenses;
under the new law they were not liable for any money. As trav-

elers usually carry only such an amount of money as they will
need, and as those needs always exceed $100, the success of
plaintiff's argument would mean, that hotel keepers would be
liable in all cases, safe deposit or no safe, notice or no no-
tice, and thus the Act of 1860 would be repealed by judicial
interpretation and become a dead letter. The title of the
Act indicates that it was passed for the benefit of the hotel
keepers and not to assist travelers.

It is now ordered that the judgment of the District
Court be reversed and set aside and that there be judgment in
favor of the defendant rejecting plaintiff's demand at his
cost in both Courts.

January 16th, 1922.