Cars, J.
Notwithstanding the form of the plaintiff’s declaration it appears that he seeks to hold the defendant liable for the loss of money alleged to have been kept by him in his room at the Broadway Hotel, operated by the defendant, on the ground that the defendant was an innkeeper with an innkeeper’s common law responsibility as an insurer of the property of a guest. Mason v. Thompson, 9 Pick. 280, 283, Berkshire Woollen Co. v. Proctor, 7 Cush. 417, Burbank v. Chapin, 140 Mass. 123, 124, Spring v. Hager, 145 Mass. 186, 190.
There is no evidence that the defendant was an innkeeper. The only evidence touching this subject is that the defendant owned and operated the Broadway Hotel under a lodging house keeper’s license issued by the City of Boston, that the plaintiff in September, 1938, came to the defendant’s place of business and became a guest or lodger and remained in residence there up to the time of his loss which occurred on or about March 21, 1939, and was still in residence there at the time of trial, that the defendant maintained an office safe where on several occasions plaintiff left money for safe keeping, that when plaintiff came to the defendant’s hotel he signed a card which had at the top the words “Broadway Hotel” and “Notice to Guests” and “Management not responsible for Valuables unless left in Office Safe,” and that plaintiff signed the card but did not read it and was unaware of the words which appeared on the card.
In Commonwealth v. Wetherbee, 101 Mass. 214, 217, it was said “A man may be an innkeeper” . . . “if he is prepared and holds himself out to the public as ready to entertain travellers, strangers and transient guests, with their teams and carriages, after the manner usual with *478 innkeepers, although he may sometimes make special bargains with his customers, may not keep his house open in the night, and may not keep the stable at which he puts up the horses of those who stop with them at his house.”
No evidence was offered to show how the Broadway Hotel was conducted. It did not appear what accommodations were offered; whether for example these included food, shelter and protection. It did not appear what persons were received; whether it was a place where all transient persons who came would be received or only such persons as the management might choose to accept. It did not appear whether those received were transient guests or long term lodgers, cf. Beale Innkeepers & Hotels, 1906 Chapter II. cf. Williston Contracts, Rev. Ed. Sec. 1066 et seq. cf. Hall v. Pike, 100 Mass. 495. cf. Gen. Laws (Ter. Ed.) Ch. 140, §§5, 6, 7 and 8.
The fact, if it was such, that a register was kept does not show that the place was an inn. Lodging house keepers as well as innholders may be required to keep registers. Gen. Laws, (Ter. Ed.) Ch. 140, §§27, 28, 29 and 31.
The use of the word hotel in the name of the establishment does not make it an inn.
In Davis v. Gay, 141 Mass. 531 the “Hotel Huntington” was not an inn.
In Coe v. Ricker, 214 Mass. 212, the “Silver Beach Hotel” was found to be a boarding house.
In Carpenter v. Taylor, 1 Hilton (N. Y.) 193, 195, it was said — “Upon the second ground, also, I think the justice has not erred. The evidence does not show the defendant to be an innkeeper. The mere name of his building, although called a hotel, does not establish that he is an innkeeper. If the business carried on by him was. that of a boarding house or restaurant merely, he would not thereby be subjected to the liability of an innkeeper. Story Bailments 475. In order to warrant a finding against the *479 defendant as an innkeeper, the evidence should have established that the place kept by the defendant was an inn — a place provided for the lodging and entertainment of travelers. ’ ’
In Bonner v. Welborn, 7 Ga. 296, 308, it was said “Nothing can be taken against this view of the subject from the use of the word hotel in the declaration. ’ ’ of. Beale op. cit. Sections 22 and 291.
Uncontrolled the evidence that the defendant owned and operated the Broadway Hotel under a lodging house keeper’s license would seem to require the finding that the defendant was a lodging house keeper and not an innkeeper. If that was his license he certainly was not permitted to run an inn (Glen. Laws, (Ter. Ed.) Ch. 140, §20). It is to be presumed in the absence of other evidence that the defendant acted legally. Karpowicz v. Manasas, 275 Mass. 413, 419, Jubilee Yacht Club v. Gulf Ref. Co., 245 Mass. 60, 62.
Stated briefly, it is not what the place is called that counts, it is what the place actually is.
If the defendant who operated this establishment was not an innkeeper, in the absence of special contract, he was not an insurer of the plaintiff’s goods. As a lodging house keeper, no special contract being shown, he was at best a bailee liable only if negligence of the proper kind is shown, —ordinary negligence if a bailee for hire or gross negligence if a gratuitous bailee. No evidence of negligence, at least on the part of the defendant was shown. Coo v. Ricker, 214 Mass. 212, Davis v. Gay, 141 Mass. 531, Hall v. Pike, 100 Mass. 495, Rubin v. Huhn, 229 Mass. 126, Amiro v. Crowley, 256 Mass. 53, 56.
The plaintiff’s first requests should have been given. It is true that a party cannot as of right require that a request for ruling on all the evidence without specification in accordance with rule 28 of this court be reviewed. This *480 limitation does not extend to the Appellate Court which in the interest of justice may act upon such a request for ruling. McKenna v. Andreassi, 292 Mass. 213, 215.
The plaintiff in his brief insisted that “it is well settled that a question upon which no ruling was asked and which was not raised in the trial court and which was not presented to nor passed upon by the trial court cannot be raised on appeal,” and consequently that it is not now open to the defendant to raise the issue that defendant was not an innkeeper.
The answer to this proposition is that the issue was raised, as above stated, by the defendant’s first request although not specified according to the rule. It stood out so clearly as the basis of liability as to create no surprise if reviewed on appeal. Moreover, a court of legal review is not without power in the interest of justice to consider questions even if not properly saved, cf. Noyes v. Noyes, 224 Mass. 125, 134. “The steps prescribed for review are limitations upon the rights of the litigants. They are not limitations upon the power of the court. That power, to see justice done, to forestall manifest injustice, while it is to be used cautiously, perhaps even sparingly, must exist, if form is not to prevail over substance.” Gainsboro v. Hermanson, 1 App. Div. Rep. (1936) 114, 118.
As the report contains all the evidence material to the question reported, and it appearing that the case has been fully tried, we see no object in granting a new trial.
Finding for Defendant.
Finding Reversed.