DONOVAN, S.J. (Zottoli, & Tomasello, JJ.)
This is an action of contract or tort in which the plaintiff seeks to re' cover for the loss of certain articles of personal property taken from his automobile while said automobile and its contents were in the possession of the defendant, a corporation which conducts a-public garage for the storage of automobiles for hire in said Boston.
The plaintiff’s declaration contains four counts. Counts No. 1 and 2 are in contract. Counts No. 3 and 4 are in tort. The court made a general finding for the plaintiff on count No. 2 which, in effect, alleges a bailment of the plaintiff’s automobile and contents for hire. The ad damnum of the plaintiff’s writ is $300.00.
As argued by counsel for the defendant, “the only issue in this case is whether the defendant was a bailee for hire of all the articles of personal property which the plaintiff left in his automobile when he parked his automobile in the defendant’s garage.” Upon the evidence this issue resolves itself into a question of fact.
The defendant contends that as a matter of law there was no bailment for hire of the contents of the plaintiff’s automobile and in support thereof cites the cases, D. A. Schulte Inc. v. North Terminal Garage Co., 291 Mass. 251, Davis v. Gay, 141 Mass. 531, none of which are applicable to the question here involved because those cases were decided on the ground that at the trial, there was made a finding of fact that the defendant had no knowledge of the contents of the article bailed for hire *15 or on the ground that at the trial there was a finding that he was not in fact a bailee for hire of the contents of the particular article bailed, whereas, in the instant case, there was evidence which warranted the finding, and the court expressly found, among other facts hereinbefore set forth, “that the plaintiff intended to, and did, entrust his car and its contents to the custody of the defendant, and the defendant, knowing the car contained personal property of value, accepted custody of both the car and the contents, as a bailee for hire."
The court also made a general finding for the plaintiff in the sum of $332.95 on Count No. 2 of the plaintiff’s declaration. This finding exceeded the ad damnum of the plaintiff’s writ by the sum of $32.95, all of which the trial judge reported to this division because the defendant claimed to be aggrieved thereby. This question was not argued by the defendant, and it is, therefore, deemed to have waived its alleged grievance in this connection. But even if said grievance was not so waived the fact that the general finding exceeded the ad damnum of the plaintiff’s writ is not prejudicial error because at any time prior to the time when, under the Rules of this Court, the case goes to judgment, the court of its own motion may grant leave to the plaintiff to increase the ad damnum of his writ so as to include the excess of $32.95, or allow the ad damnum to be so increased upon motion made by the plaintiff for the purpose, and in the absence of any such action by the court up to the time when the case goes to judgment, as aforesaid, it would then be the duty of the Clerk of this Court to enter judgment for the plaintiff in the sum of the ad damnum of the plaintiff’s writ or in the sum of $300.00. Sullivan v. Jordan, 1941 Adv. Sh. 1407. 27 BTL 197.
We find no error in any of the rulings made by the trial judge and no reversible error in its general finding for the plaintiff in a sum of $32.95 in excess of the ad damnum of the plaintiff's writ.
Report dismissed.