ISABELLA WILLS, administratrix, *vs.* LYNN & BOSTON RAILROAD COMPANY.

Suffolk. March 4. — Sept. 10, 1880. ENDICOTT & SOULE, JJ., absent.

A passenger, who receives an injury by falling from the front platform of a street railway car while in motion, upon which he occupies a sitting position, against the rules of the corporation and the warning of the driver of the car, and without any reasonable excuse therefor, is not in the exercise of such care as will entitle him to maintain an action against the corporation.

It is a reasonable regulation of a street railway corporation, which it has the right to make, that passengers shall not be on the front platform of a car.

TORT against a street railway corporation, for personal injuries occasioned to John Wills, the plaintiff's intestate, by falling from the defendant's car. Trial in the Superior Court, before *Wilkinson*, J., who directed a verdict for the defendant, on the ground that the plaintiff had not offered any evidence sufficient to warrant the jury in finding that her intestate was in the exercise of due care at the time of the accident; and reported the case for the determination of this court. The facts appear in the opinion.

*B. E. Perry & C. P. Gorely*, for the plaintiff.

*W. W. Warren*, for the defendant.

COLT, J. It is for the plaintiff to prove that her deceased husband was free from negligence contributing to the injury which he received from the acts of the defendant corporation. She cannot recover, if the case she presents fails to disclose the exercise on his part of ordinary care, as judged of in the light

of common knowledge and experience. The rule is to be applied which requires the exercise of such care as men of common prudence usually exercise in positions of like exposure and danger. The question is in most cases a question to be submitted to the jury, but when the circumstances are not complicated, and the undisputed evidence discloses conduct which would be condemned as careless by men of common prudence, it is the duty of the judge to instruct the jury to find a verdict for the defendant. *Gavett* v. *Manchester & Lawrence Railroad*, 16 Gray, 501. *Gahagan* v. *Boston & Lowell Railroad*, 1 Allen, 187. *Todd* v. *Old Colony & Fall River Railroad*, 7 Allen, 207. *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429. See also *Baltimore City Passenger Railway* v. *Wilkinson*, 30 Md. 224.

It appears in this case, from uncontradicted evidence, that Wills, the plaintiff's intestate, on the night of this accident, got on the front platform of the defendant's car, and remained standing in that place until the car approached a drawbridge on the road, when he sat down on the platform with his feet on the step. He was told by the driver of the car that he had better not sit in that place, as it was against the rules of the company and unsafe, to which Wills made a reply not understood by the driver. Wills continued however to occupy his sitting position on the side of the platform while the car was detained at the bridge some fifteen minutes by an open draw; and remained there until he fell from the car after it had passed the bridge. There was conflicting evidence as to the speed of the car, but no evidence that it was unusual or unlawful at that place. There were notices posted on the under side of the roof of the platforms of this car, that all persons were forbidden by order of the directors to be on the front platform, and that the company would not be responsible for the safety of passengers while there.

This evidence wholly fails to show that the plaintiff's intestate was in the exercise of due care. He was a passenger, occupying an exposed and unusual place, in a constrained and awkward position, against the rules of the road and the warning of the driver. It does not appear that there was any excuse or justification for his conduct in the fact that the seats of the car were full, or that he was required or permitted by the defendant's

servants and agents to take that place. And there is no evidence that he took any precaution by holding on to the railing or otherwise to prevent the accident. A passenger is not justified in taking a risk unnecessarily; and courts have a right to consider well-known facts as bearing upon questions of this description. The case differs from *Meesel* v. *Lynn & Boston Railroad*, 8 Allen, 234. There the plaintiff had paid his fare, and was told by the conductor to go on the front platform with the driver and five or six other persons. He was thrown off while the car was turning a corner at unusual speed, and when he was standing up and holding on to an iron railing; and the court properly refused to rule, as matter of law, that he was not in the exercise of due care.

A street railway corporation has a right to make all reasonable regulations for the safety of passengers. A rule prohibiting passengers from riding on the front platform is a reasonable regulation, and one who knowingly violates it, without some reasonable excuse or necessity, cannot be said to be free from negligence, if the act contributes to his injury. There can be no doubt in this case that this negligence of Wills contributed to the injury which he suffered.                    *Judgment on the verdict.*