### EDWARD F. O'NEILL *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Suffolk.   November 16, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Street Railway — Evidence — Rules for Safety of Passengers.*

In an action against a street railway company for personal injuries occasioned to the plaintiff by his falling under a moving horse car of the company, his evidence tended to show that he was pushed off the front platform by the driver; the

defendant's evidence, that he was intoxicated, and made a lunge towards the car, and that the driver tried to prevent his going under the car. The defendant offered in evidence a rule forbidding its drivers to allow intoxicated persons on the front platform, and a notice posted in the car prohibiting passengers from riding on the front platform. There was no evidence that the plaintiff had any knowledge either of the rule or of the notice, except that it appeared that he had ridden in the defendant's cars. *Held*, that the rule and the notice were properly admitted in evidence.

TORT, for personal injuries occasioned to the plaintiff, by his falling under a horse car belonging to the defendant. At the trial in the Superior Court, before *Aldrich*, J., it was admitted that the defendant was a common carrier of passengers for hire by street cars in Boston. The plaintiff's evidence tended to prove that he signalled one of the defendant's horse cars to stop, and got one foot upon the lower step of the front platform of the car while the car was in motion and going at an ordinary rate of speed, and at the same rate as before the plaintiff signalled the car; and that while he was in this position he was pushed from the car by the driver of it, and was injured thereby.

The defendant's evidence tended to prove that the plaintiff did not get upon the car at all; that the street was icy at the time; that the plaintiff made a lunge towards the car and the driver put out his hand to save the plaintiff from going under the car; and that the plaintiff was not in the exercise of due care, and was intoxicated.

The defendant offered evidence that it had made the following rule for the conduct of its drivers: "Do not allow an intoxicated person upon the front platform under any circumstances." Also, that the following placard was posted in the car: "Notice. All persons are forbidden to be on the front platform of this car; and this company will not be responsible for their safety there. Per order of the directors."

The plaintiff objected to the admission of the rule or placard in evidence, but the judge admitted them; and the plaintiff excepted. There was no evidence that the plaintiff had any knowledge of the rule or placard other than that before the accident he had travelled on the defendant's cars.

The judge submitted the case to the jury, upon instructions to which no exception was taken, and the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*G. R. Swasey*, for the plaintiff.

*T. P. Proctor & B. W. Warren*, for the defendant.

LATHROP, J.    The only questions raised in this case are in regard to the admission in evidence of a rule of the defendant corporation for the conduct of its drivers, in these words: " Do not allow an intoxicated person upon the front platform under any circumstances," and to the admission in evidence of the following placard posted in the car : " Notice. All persons are forbidden to be on the front platform of this car ; and this company will not be responsible for their safety there."

Both the rule and the notice were properly admitted in evidence.    A railway corporation which is a carrier of passengers may make all reasonable regulations for the safety and comfort of its passengers.  *Commonwealth* v. *Power*, 7 Met. 596.  *O'Brien* v. *Boston & Worcester Railroad*, 15 Gray, 20.    *Wills* v. *Lynn & Boston Railroad*, 129 Mass. 351.    The rule and the notice were both reasonable.    *Wills* v. *Lynn & Boston Railroad, ubi supra.*

Where the defendant seeks to justify the conduct of its servant, as in this case, it is not necessary to show that either the rule or the notice was known to the plaintiff.    *O'Brien* v. *Boston & Worcester Railroad, ubi supra.    Cheney* v. *Boston & Maine Railroad*, 11 Met. 121, 123.    It is only when it is attempted to charge a person with a liability created by a notice or rule, that it is necessary to bring home knowledge of it to him. 11 Met. 123.

If the evidence was admissible for any purpose, without showing that the plaintiff had knowledge of the rule or the notice, the plaintiff has no ground of exception, and it is unnecessary to consider the charge, to which no exception was taken.    We have, however, no doubt that the fact that the plaintiff had ridden upon the defendant's cars was some evidence that he had knowledge of the notice, and that, if the jury found that he had such knowledge, they might consider the notice as bearing upon the .conduct of the plaintiff.    *Baltimore Passenger Railway* v. *Wilkinson*, 30 Md. 224.

*Exceptions overruled.*