JAMES O'LAUGHLIN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   March 25, 1895. — June 21, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Assault — Rule of Railroad Company — Evidence — Instructions.*

While, in an action to recover damages for an assault in being ejected from the train of a railroad company, the defendant should be permitted to introduce in evidence one of its rules as to the manner in which passengers should conduct themselves to support its contention that the conductor was justified in ejecting the plaintiff, yet it cannot be said that the defendant is harmed by its exclusion if the rule of law given by the judge to the jury for their guidance was more specific than the rule of the company, but was the same in substance.

TORT, to recover damages for an assault alleged to have been committed upon the plaintiff by an employee of the defendant. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, in substance as follows.

The plaintiff offered evidence tending to show that, while a passenger upon one of the defendant's trains, he was forcibly ejected by one of the defendant's conductors from the car in which he was riding. He contended that this assault was committed by the conductor by the authority of the defendant within the scope of his employment as a conductor. The defendant offered evidence tending to show that the plaintiff while upon its train was intoxicated, and in its car publicly and openly used profane and indecent language, and so improperly conducted himself that its conductor was justified in forcibly ejecting him,

which evidence was contradicted by the plaintiff and his witnesses. The defendant also contended that the conductor in ejecting the plaintiff had used only such a degree of force as was necessary in order to overcome the resistance made by the plaintiff, which evidence was also contradicted. The defendant contended that it was bound in law to use all reasonable and proper means to provide for the safety, comfort, and convenience of its passengers, and that it was not only its right, but also its duty, to suppress all disorderly conduct and indecent language, and to expel from its cars any person whose conduct or condition was such as to render acts of impropriety, rudeness, or indecency either inevitable or probable. The defendant was permitted to prove that there was a rule of the railroad as to the manner in which passengers should carry themselves. In order to prove this rule the defendant then offered in evidence Rule 72 of the Boston and Maine Railroad, which was objected to as immaterial, and excluded by the judge upon that ground, the judge stating, after the rule had been shown to him, that the rule only stated the law, and that he would instruct the jury that that was a part of the law ; and the defendant excepted.

The judge instructed the jury as follows :

" Railroad corporations are public corporations to some extent. They are what are known as quasi public corporations. They are bound to take every person who presents himself in a proper manner, and carry him upon their trains. And being obliged to do that, of course it is right and reasonable for them to have reasonable rules and orders, and have reasonable and proper conduct upon their trains ; and I might say, so far as the passengers are concerned, so far as this passenger is concerned, he has a right when he engages his passage upon the train that the railroad officials shall see to it that he is not annoyed by unseemly talk, by improper talk, by improper actions, upon the train ; that is, it is the duty — and I am speaking now of the rights of the passengers — or it becomes the duty of the railroad corporation, on behalf of all the passengers, to see to it that no person upon that train, either a railroad official or a passenger upon that train, shall conduct himself improperly, either by conversation which is improper conversation, swearing, or improper or indecent language, or by intoxication, or by violence of any kind ; it is not

only the right of the railroad, but it is the duty of the railroad, to see that all things of that kind are suppressed, and are not countenanced or allowed upon the train, so as to be an annoyance to the passengers upon the road; because, when a passenger contracts for transportation from one point to another, he has a right to have it in a way that he can enjoy it reasonably and properly. . . . Each passenger must conduct himself towards the other passengers so as not to annoy them; and if any passenger does not do that it is the duty of the railroad corporation to see that he does it; and, if it is necessary in order to maintain that degree of order on the train, the railroad corporation has the right, even between stations, to eject a passenger, and use force if it is necessary."

The rule which was excluded was as follows:

" Rule 72.   In his interview with passengers he [the conductor] must be civil and obliging.   He must see that order and decorum are preserved in the cars, and prevent the annoyance of passengers by the rude and improper conduct of others."

The case was argued at the bar in March, 1895, and afterwards was submitted on the briefs to all the judges.

*W. I. Badger*, for the defendant.

*E. R. Anderson*, ( *C. W. Bartlett* with him,) for the plaintiff.

FIELD, C. J.   The rule of the company should have been admitted in evidence, but a majority of the court are unable to see that the defendant was harmed by the exclusion of it. *Commonwealth* v. *Power*, 7 Met. 596.   *O'Brien* v. *Boston & Worcester Railroad*, 15 Gray, 20.   *Wills* v. *Lynn & Boston Railroad*, 129 Mass. 351.   *O'Neill* v. *Lynn & Boston Railroad*, 155 Mass. 371.   The rule was very general in its terms, and the rule of law given by the court to the jury for their guidance was more specific than the rule of the company, but was the same in substance.

*Exceptions overruled.*