SAMUEL BROMLEY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Middlesex. November 16, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Railroad. Evidence.*

If a passenger in a combination car on a train of a railroad company leaves the passenger compartment, where there are vacant seats, and goes into the baggage compartment to see a box of fowl and to talk with the baggage master about fowl, and if, while he is standing there with his hand on the side of the car, the train comes in collision with a part of a freight train on the same track, and the

passenger is thrown over a low box of fowl, striking his shin on the box before falling, and is injured by striking his head and side on the floor of the car, he cannot recover from the railroad company for his injuries, which in part were due to his having left the place assigned for passengers and occupying an exposed position.

If a passenger in a train of a railroad company was injured in a collision which occurred when he unnecessarily had left his seat in the passenger compartment of a combination car and was standing in the baggage compartment with his hand on the side of the car, the fact that the conductor punched his ticket while he was in the baggage compartment does not give him a right to recover from the railroad company, if his injuries were due in part to his exposed position.

In an action against a railroad company for personal injuries by a passenger, who was injured in a collision which occurred when he unnecessarily had left his seat in the passenger compartment of a combination car and was standing in the baggage compartment with his hand against the side of the car, and whose injuries were due in part to his exposed position, it is right for the presiding judge to exclude evidence offered by the plaintiff to show that it was customary for passengers passing between the towns between which the plaintiff was travelling to travel in the baggage compartment of the car and to have their tickets punched and taken by the conductor when there.

TORT for personal injuries received by the plaintiff from a collision of trains on the defendant's railroad near Southborough on January 23, 1904, when the plaintiff was a passenger on the defendant's train from South Framingham to Marlborough. Writ dated February 19, 1904.

At the trial in the Superior Court *Hitchcock*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. Shaughnessy*, for the plaintiff.

*J. L. Hall*, for the defendant, was not called upon.

LORING, J.    The plaintiff was a passenger on the defendant's railroad. He left the passenger compartment of the combination car and went into the baggage compartment, for the purpose of talking with the baggage master about fowl and to see a box of fowl which was in that part of the car. When the plaintiff left the passenger compartment about half of the seats in it were empty. He was injured by the train coming into collision with a part of a freight train which had been left on the same track. The train was going about fifteen miles an hour at the time of the collision, and the plaintiff then was standing with his hand on the side of the car, talking with the baggage master. He was thrown over a low box of fowl that was near him, and struck his head and side on the floor. " His shin struck the box before he had fallen."

This case comes within the class of cases beginning with *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429, and ending with *Fletcher* v. *Boston & Maine Railroad*, 187 Mass. 463, in which it is held that one who has left the place assigned for passengers and is occupying an exposed position cannot recover when the injury is due in part to the fact of such position.

The plaintiff's first contention is that his position in the baggage car did not contribute to the injury he received. The statement of the injury in our opinion shows that it did.

His next contention is that the defendant acquiesced in his being where he was because the conductor punched his ticket while he was in the baggage car. That contention is disposed of in *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429.

The same case establishes the point that the presiding judge here was right in excluding "evidence to show that it was customary for passengers between South Framingham and Marlboro to ride in the baggage compartment of the car, and to have their tickets punched and taken by the conductor when there." *Wilde* v. *Lynn & Boston Railroad*, 163 Mass. 533, and *Sweetland* v. *Lynn & Boston Railroad*, 177 Mass. 574, relied on by the plaintiff, were cases of passengers riding on platforms of electric cars when all the seats were taken. They stand on a different footing. We find nothing in the other Massachusetts cases cited by him which supports his contention.

*Exceptions overruled.*