JONAS OLUND *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    October 3, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.    Street Railway.*

It is not necessarily negligence for a passenger while being transported on an open electric street car to stand on the running board with one hand grasping a stanchion and the other holding a bundle.

If a passenger on an open electric street car chooses to stand on the running board when there is room for him on the rear platform or in the seats of the car, it is not the duty of the conductor to warn such passenger that he may be exposed to jerks or lurches incidental to the ordinary motion of the car when passing over switches or around curves.

If the conductor of an open electric street car knows that one of the passengers is standing on the running board with one hand grasping a stanchion and the other holding a bundle, and with this knowledge allows the car to be run over a switch and around a curve at an unreasonable rate of speed, which causes the

passenger to lose his grip on the stanchion and whirls him from the car, *it seems,* that, in an action brought by the passenger against the corporation operating the car for his injuries thus caused, these facts are evidence of negligence on the part of the defendant.

In an action by a passenger against a street railway corporation for personal injuries alleged to have been caused by negligence of the servants of the defendant in running an open car over a switch and around a curve at an unreasonable and excessive rate of speed, which threw the plaintiff from the running board on which he was standing, if the plaintiff introduces in evidence a rule of the defendant that "the speed of cars on sharp grades, frogs, switches and crossovers must not exceed three miles an hour," and testifies that after the car reached the switch it "started up faster," that "the car ran fast," that "the car was going too fast" and that he was "whipped off the car after it got a little over the switch," without any direct estimate of the speed and with no description fairly warranting an inference that the rate of speed was unusually great or was dangerous, there is no evidence of negligence on the part of the defendant.

BRALEY, J.   This is an action of tort for personal injuries to the plaintiff while he was a passenger on an open car of the defendant.   In the Superior Court a verdict for the defendant was ordered * at the close of the plaintiff's evidence, and the case is before us on his exceptions.

It appeared that the plaintiff's place of employment was on the line of the defendant's railway between Greendale and Worcester, and that cars running to Greendale from Lincoln Square, Worcester, usually stopped at the "entrance to the works" to take on and leave passengers.   The plaintiff, who was a night-watchman, intended to take a "Greendale car" and get off at the works, but, not finding one, boarded a car on the night of the accident going to Fitchburg, which unnoticed by him bore a sign "Express to Greendale."   Upon boarding the car he went into the rear vestibule, where he rode until the car stopped at a railroad crossing to wait until the track was clear, when he passed to the running board where, until he was thrown off and injured, he stood with one hand grasping a stanchion of the car and with the other hand holding a bundle.   To stand upon the running board of an open electric car during transportation is not of itself negligence on the part of a passenger, and the issue of the plaintiff's due care if questioned by the defendant was for the jury.   *Pomeroy* v. *Boston & Northern Street Railway,* 193 Mass. 507.

* By *Aiken,* C. J.

Observing that the car was nearing the stop at the works, the plaintiff gave a signal indicating that he wished to get off, which the jury might find was seen and understood by the conductor. The conductor, however, was not required to stop the car at a place which was not scheduled for that trip, and his failure to do so did not constitute negligence on the part of the company. Upon realizing that the car had not stopped, the plaintiff, without further communication with the conductor, apparently "decided to go on to Greendale which was the next stop," although from other parts of his evidence he seems to have been in doubt as to where the next stopping place might be. But, wherever it was, as he continued to be a passsnger until he reached the end of the journey, the defendant was bound to exercise reasonable care according to the circumstances to protect him from injury. *Marshall* v. *Boston & Worcester Street Railway*, 195 Mass. 284, 286, 287.

Under the most favorable interpretation of the plaintiff's confused description as to what afterwards happened, the jury could have found that the car as it came to the crossing slackened speed, stopped, and then passed over to a " switch on the curve," when the speed was increased, and he was " whipped off the car . . . after it got a little over the switch." But, there having been no proof of any defect in either the roadbed or the car and its equipment, the plaintiff rests his right of recovery upon the ground that the conductor should have warned him of the danger which might be incurred by remaining on the running board, or that the speed was excessive. The plaintiff could have returned to the vestibule, or could have stepped within the car which does not appear to have been crowded, but, he having remained on the running board, it was not incumbent on the conductor to warn him of the danger to which he might be exposed from jolts or lurches incidental to the ordinary motion of the car when passing over switches, or rounding curves. *Rand* v. *Boston Elevated Railway*, 198 Mass. 569, 573. *Nolan* v. *Newton Street Railway*, 206 Mass. 384.

If, however, the conductor knew of the plaintiff's exposed position and ran the car when going over the switch or the curve at such an unreasonably high speed as to cause the plaintiff to lose his grip upon the stanchion and to be whirled off, there was

evidence for the jury of the defendant's negligence.  *Spooner* v.
*Old Colony Street Railway*, 190 Mass. 132.   The plaintiff intro-
duced a rule of the company, that " the speed of cars on sharp
grades, frogs, switches, and crossovers must not exceed three
miles an hour."   But if in his testimony he used the expressions
that after it reached the switch the car " started up faster," that
" the car ran fast," and that " the car was going too fast," the
exceptions are silent as to any direct estimate of the speed, or
any descriptive statement from which an inference would have
been fairly warranted, that the car ran faster than usual, or that
the rate of speed was unusually great or dangerous.

The ruling that the plaintiff could not recover was right.
*Byron* v. *Lynn & Boston Railroad*, 177 Mass. 303.   *Hofnauer*
v. *R. H. White Co.* 186 Mass. 47, 49.

*Exceptions overruled.*

*M. M. Taylor*, for the plaintiff.
*C. C. Milton*, for the defendant.