GEORGE H. TWISS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    December 9, 1910. — March 1, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Street railway, Licensee, Due care of plaintiff. *Street Railway. Carrier,* Of passengers. *Corporation,* Officers and agents. *Waiver.*

If a member of the fire department of a city, who is being transported free on an open electric car of a corporation operating a street railway, is injured by a collision while he is standing on the left hand running board of the car outside the side bar, which is lowered, having taken his place there knowing of a rule of the corporation that members of the fire department shall be transported free on open cars only on the rear platforms, and knowing also of another rule of the corporation that when the side bar of an open car is in use on the left hand side no person shall be allowed to stand on the left hand running board,

he is at most a licensee, to whom the corporation owes no duty except to refrain from injuring him intentionally or wantonly.

*It seems* that, if a person, who is being transported as a passenger on an open electric car of a corporation operating a street railway, stands on the left hand running board of the car outside the side bar, which is lowered, knowing of a rule of the corporation, that when the side bar of an open car is in use on the left hand side no person shall be allowed to stand on the left hand running board, and is injured by a collision which would not have hurt him if he had not been standing on the left hand running board, he cannot recover from the corporation on showing that the accident was due to the negligence of the servants of the corporation, because his violation of the rule must be regarded as a negligent act which contributed directly to the injury which he received.

*It seems* that, if the conductor of an open electric car of a corporation operating a street railway sees a member of the fire department in his uniform getting upon the left hand running board of the car outside the side bar, which is lowered, both of them knowing of a rule of the corporation that members of the fire department shall be transported free on open cars only on the rear platforms, and both of them also knowing of another rule of the corporation that when the side bar of an open car is in use on the left hand side no person shall be allowed to stand on the left hand running board, and under these circumstances the conductor nods to the member of the fire department as he gets upon the car, it does not matter whether the nod of the conductor was intended merely as a sign of recognition or whether it was intended as an acquiescence in the member of the fire department taking his position on the left hand running board, because it is not in the power of a conductor of a corporation operating a street railway to waive such rules of the corporation.

MORTON, J.    This is an action of tort for personal injuries received by the plaintiff at or near the corner of Hampden and Northampton Streets in Boston, while riding on one of the defendant's open cars.    The accident occurred July 31, 1907, at about 11.30 A. M.    The plaintiff was a lieutenant in the Boston Fire Department, and was returning to his station on Northampton Street when the accident happened.    He was in uniform and boarded the car about an eighth of a mile from the scene of the accident.    When he got on to the car he took a position on the left hand running board outside the side bar, which was down and properly adjusted, and he remained in that position until the accident.    Certain rules of the defendant company were introduced in evidence as follows:

" 43.  Side Bar and Chains.

" (a)  Side bars on all cars so equipped must, when in service, be properly adjusted and secured in place, and must be raised and lowered at places en route when required by special regulations; never while car is in motion."

" (d)  Passengers must not be permitted to board and leave

the car by getting over or under the bar, and when bar is in use on left side, no person must be allowed to ride on left hand running board."

" 113.  Free Riders.  The following persons, when in full uniform and wearing official badge, are entitled, under special considerations and restriction, to free transportation on cars of the company."

" (b) Firemen.  Members of the Fire Department and Protective Fire Department."

" (e) The above specified shall ride only on the front platform of box and rear platform of open cars, and not more than two of either class at any one time."

The plaintiff testified that he knew of these rules and knew that the bar was down on the left hand side for the purpose of preventing persons from entering or leaving the car by the left hand side.  He further testified that the car was comfortably filled; that he did not pay or tender any fare, but intended to ride free; that some persons were standing on the back platform, and that he had ridden on the left hand running board of other cars in the same vicinity at about the same time of day before, and had seen other firemen doing the same.  On cross-examination he testified that " he had never received any permission from any superintendent, inspector or other officer to ride on the left hand side when the bar was down and knew of no order or rule changing the aforesaid two rules."  There was other evidence tending to show the circumstances under which the collision took place; that the conductor nodded to the plaintiff as he got on to the car ; that there was no one on the right hand running board; that there were some spare seats; and that the plaintiff was the only one on the left hand running board and the only one who was injured.  At the close of the evidence the judge * ordered a verdict for the defendant and reported the case to this court; judgment to be entered for the defendant if the ruling was correct, otherwise, by agreement of parties, for the plaintiff in the sum of $500.

The defendant concedes that there was evidence of negligence on its part, but contends that it is not liable to the plaintiff, and we think that it is right in so contending.  The fact that a per-

* *Brown, J.*

son is injured through the negligence of the company while riding upon the running board of a car is not of itself conclusive under any and all circumstances against his right to recover. *Olund* v. *Worcester Consolidated Street Railway*, 206 Mass. 544. But in the present case the plaintiff was being transported free under a rule which required as a condition of such transportation that he should ride on the rear platform. Instead of doing that he rode upon the left hand running board with the bar down, in direct violation of a rule which he well knew and understood, and which was a reasonable rule, that provided that no one should be allowed to ride there when the bar was down. While he would have been a passenger with the rights of one if riding upon the rear platform (*Dickinson* v. *West End Street Railway*, 177 Mass. 365), we think that he must be regarded under the circumstances as at most a licensee to whom the defendant owed no duty except to refrain from intentional wrongdoing towards him. See *Bowler* v. *Pacific Mills*, 200 Mass. 364.

Even if the plaintiff could be regarded as a passenger we think that his act in taking a position on the left hand running board in violation of the rule would have to be regarded under the circumstances as a negligent act which contributed directly to the injury which he received. *Moody* v. *Springfield Street Railway*, 182 Mass. 158. Whether the nod given by the conductor was intended merely as a sign of recognition or whether it was intended as an acquiescence in the plaintiff's taking his position on the running board is immaterial. If it was intended as the latter it was not in the power of the conductor to waive the rules, and the evidence fell far short of showing a custom on the part of firemen to ride on the running board so general and so long continued that it could be found that it was known to the officers having the right to make or change the rules. *Powers* v. *Boston & Maine Railroad*, 153 Mass. 188. *Crowley* v. *Fitchburg & Leominster Street Railway*, 185 Mass. 279. The result is that in accordance with the terms of the report judgment must be entered for the defendant.

*So ordered.*

The case was submitted on briefs.

*D. H. Coakley, R. H. Sherman & W. Flaherty*, for the plaintiff.
*F. Ranney & E. B. Horn*, for the defendant.