ROSE RENAUD, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.   October 3, 1911. — January 4, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Carrier,* Of passengers: reasonable regulations.   *Negligence,* Railroad, Causing death. *Evidence,* Relevancy and materiality.

Discussion by RUGG, C. J., of the effect upon the contract of carriage of reasonable regulations posted by a common carrier of passengers and of violations thereof by passengers.

Where violation of a reasonable rule of a common carrier of passengers by a passenger does not involve malicious conduct, moral turpitude, gross and wilful disregard of the rights of others, or a plain surrender of the duty of a passenger, it does not of itself alone terminate the contract of carriage and transform the one who was a passenger into a trespasser or a bare licensee.

Under ordinary circumstances and where no other facts appear, a passenger who merely fails to observe a reasonable regulation of a common carrier of passengers does not thereby cease to be a passenger.

In an action by an administrator against a railroad corporation under St. 1909, c. 463, Part I, § 63, to recover for the death of the plaintiff's intestate who, when travelling as a passenger in a train of the defendant and as the train approached a station, arose from his seat and passed out upon the platform of the car and down to its lowest step, whence he was caused to fall by a current of air created by the rapid passing of another train of the defendant, the mere fact that the defendant had conspicuously painted on the panel inside of each door of the car in which the plaintiff's intestate had been riding the following regulation : "Passengers are forbidden to ride in any baggage car or on the platform or steps of any car," in the absence of evidence to show that the regulation was called to the attention of the intestate and that he chose to disregard it, is not evidence tending to show that, when killed, the plaintiff's intestate had ceased to be a passenger of the defendant.

In an action by an administrator against a railroad corporation under St. 1909, c. 463, Part I, § 63, to recover for the death of the plaintiff's intestate who, when travelling as a passenger in a train of the defendant and as the train approached a station, arose from his seat and passed out upon the platform of the car and down to its lowest step, whence he was caused to fall by a current of air created by the rapid passing of another train of the defendant, the plaintiff relied for recovery upon alleged gross negligence of the conductor and of the engineer of the train from which the intestate was caused to fall, and of the engineer of the train which had passed at high speed.   The defendant offered

to prove that it had painted conspicuously on the inside of the doors of the car in which the intestate had been sitting the following regulation: "Passengers are forbidden to ride in any baggage car or on the platform or steps of any car." *Held*, that the evidence was admissible on the question, whether any of the employees of the defendant above designated had been guilty of gross negligence, since, if they knew of the regulation and did not know that it commonly was disregarded, they had a right to assume that passengers would obey it, and acts on their part, which if they were not acting upon such an assumption might be considered grossly negligent within the terms of the statute, might not be so considered if they justifiably were acting on such an assumption.

TORT under St. 1906, c. 463, Part I, § 63, for the death of the plaintiff's intestate. Writ dated November 8, 1906.

The case previously was before this court when exceptions taken by the defendant at a previous trial were sustained by a decision reported in 206 Mass. 557.

At the second trial in the Superior Court, which was before *Fox*, J., the case was submitted to the jury only upon the first count of the declaration, which alleged that the plaintiff's intestate was a passenger on a train of the defendant at the time he was killed. The presiding judge ruled as a matter of law that there was no evidence of negligence of the corporation; that there was no evidence of unfitness of the servants and agents of the defendant company; and that there was no evidence of gross negligence of the servants and agents except on the part of the engineer of the express train, the engineer of the local train, and the conductor of the local train. The only issues for the jury were, whether the intestate at the time of his death was a passenger, and, if so, whether his death was caused by the gross negligence of any one or more of the above named servants and agents. There was evidence for the jury on both of these issues. Exceptions taken by the defendant and the matters to which they related are stated in the opinion. The jury returned a verdict for the plaintiff in the sum of $4,500; and the defendant alleged exceptions.

*A. J. Young*, for the defendant.

*D. I. Walsh*, for the plaintiff.

RUGG, C. J.    This is an action under St. 1906, c. 463, Part I, § 63, to recover damages for the death of the plaintiff's intestate, while a passenger. A reasonable inference was possible from one aspect of the evidence that the plaintiff's intestate, leaving his seat in a moving train of the defendant upon which he was

a passenger, went on the lower step of a car, and, while the train was still in motion, was thrown off the step and killed through the suction created by a train passing at a high rate of speed on the next track. The defendant offered to prove that there was conspicuously painted on the panel inside each door in the car in which the deceased was riding, this : " Regulations : New York, New Haven, & Hartford Railroad Co. : Passengers are forbidden to ride in any baggage car or on the platform or steps of any car." The chief question is whether the exclusion of this evidence was error.

A common carrier of passengers has a right inherent from the nature of its undertaking to make reasonable rules to govern the conduct of its passengers. *Commonwealth* v. *Power,* 7 Met. 596, 600. Moreover, this right is expressly conferred by statute. St. 1906, c. 463, Part II, § 181. Its public duty requires a common carrier to transport only persons who are willing to regard such rules, and its invitation to become passengers is confined to those who are prepared to conduct themselves according to regulations reasonably necessary for the protection of passengers and for the safe and convenient transaction of the business of the carrier in the light of its severe obligations. *Webster* v. *Fitchburg Railroad,* 161 Mass. 298. There can be no doubt as to the reasonableness of the regulation offered in evidence. *Wills* v. *Lynn & Boston Railroad,* 129 Mass. 351. *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574. *Cutts* v. *Boston Elevated Railway,* 202 Mass. 450, and cases cited at 455. Violation of a reasonable rule with knowledge of its existence precludes recovery by the person whose violation was a contributing cause of his injury. *Twiss* v. *Boston Elevated Railway,* 208 Mass. 108. *Bromley* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 453. *Tompkins* v. *Boston Elevated Railway,* 201 Mass. 114. It has been decided many times that a person injured while riding on the unenclosed platform of a railroad train or other exposed position assumes the risk of injury arising from such cause. See for example *Hickey* v. *Boston & Lowell Railroad,* 14 Allen, 429; *Fletcher* v. *Boston & Maine Railroad,* 187 Mass. 463. It has also been held that no duty of care rests on the carrier toward a passenger who disobeys the rules. *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207, 219.

Where a railroad company seeks to justify the conduct of its servants by a rule, it is not necessary to show that notice of it was given to the plaintiff. *O'Neill* v. *Lynn & Boston Railroad*, 155 Mass. 371, 373. Commonly evidence of such a regulation as this has been admitted.. *O'Brien* v. *Boston & Worcester Railroad*, 15 Gray, 20. *O'Laughlin* v. *Boston & Maine Railroad*, 164 Mass. 139. *Dixon* v. *New England Railroad*, 179 Mass. 242, 246.

But these decisions are not decisive in the case at bar, for the crucial point is whether the decedent was a passenger at the time of his injury. His due care was not in issue. Under the statute the plaintiff may recover, even though her intestate was not in the exercise of due care, provided he was a passenger. *Commonwealth* v. *Boston & Lowell Railroad*, 134 Mass. 211. *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8. There is no doubt that he was a passenger before he left his seat in the car. The narrow question is whether he forfeited his rights as passenger by violating the regulation in going upon the step of the car while the train was in motion. This point is not covered by *Jones* v. *Boston & Northern Street Railway*, 205 Mass. 108. The rule there under consideration did not forbid passengers to ride on the platform, but impliedly gave them permission to do so at their own risk. The regulation here presented absolutely prohibited in unequivocal terms the act of riding on the platform.

A common carrier is held, for the safety of passengers, to the highest degree of care consistent with carrying on its business. It is but just that passengers, in order to be entitled to this extraordinary care, should heed reasonable regulations made by the carrier for their convenience or security. The onerous obligation of care for passengers imposed by law on the carrier bears with it the correlative right to require observance of reasonable regulations for the safe transportation of passengers as a condition of continuance of the relation, and failure to comply with these will deprive the passengers of the protection to which they are entitled. The regulation offered in evidence was not complicated. It was so plain as to be easy of comprehension by an uneducated person. It required conduct only such as ordinary prudence on the part of a passenger would dictate. It was so

conspicuously displayed that it might well have been found to have come to the knowledge of the decedent. Such regulations sometimes have been referred to as terms of the contract of carriage (*Tompkins* v. *Boston Elevated Railway*, 201 Mass. 114) and sometimes as being broader than and different from contracts in their nature, in that they rest for their validity upon the power of the carrier to .protect its passengers and itself by requiring conduct such as will conduce to safety and orderliness and promptness and efficiency of service. It is not necessary in the present case nicely to analyze their character.

It is the law in some jurisdictions that such regulations need not in all instances be brought home to the knowledge of the passenger in order to bind him.\* But sounder reason supports the view that a regulation, in order to be binding upon the passenger, must be known to him. There need not be positive evidence that it was expressly called to his attention. Knowledge may be inferred from widely posted notices, from the experience of the passenger in travelling, from the nature of the rule itself as according with the dictates of common prudence, and from other significant circumstances. *O'Neill* v. *Lynn & Boston Railroad*, 155 Mass. 371. *Cheney* v. *Boston & Maine Railroad*, 11 Met. 121, 123. *Armstrong* v. *Montgomery Street Railway*, 123 Ala. 233, 247. *Macon & Western Railroad* v. *Johnson*, 38 Ga. 409, 437. *State* v. *Campbell*, 3 Vroom, 309.

These considerations would be decisive against a passenger seeking in his own right to recover damages for an injury. But this action is not by or in behalf of the passenger. It is not compensatory in its nature. It is brought under a penal statute to punish the railroad for causing through negligence the death of a passenger. The amount recovered does not go to his estate, but to his widow and children or next of kin. It is to be noted that this rule, although unequivocally prohibitive, did not by its terms undertake to state the consequences of its violation. It did not provide that infraction would terminate forthwith the rights of the offending passenger. It left the results of failure

---

\* *Johnson* v. *Concord Railroad*, 46 N. H. 213, 222. *Whitesell* v. *Crane*, 8 Watts & S. 369, 373. *Trotlinger* v. *East Tennessee, Virginia & Georgia Railroad*, 11 Lea, 533, 536. *Railroad* v. *Turner*, 100 Tenn. 213, 220. See *Sharkey* v. *Lake Roland Elevated Railway*, 84 Md. 163, 167.

to observe it to be fixed by the law. There was no evidence that notice had been given to the intestate on former occasions that he would not be regarded as a passenger if he violated this rule, or that he well knew this was the consequence generally regarded as flowing from his act, or that he was avoiding the servants of the carrier so that his conduct would be unobserved and no notice could be given him, or that he was in a place where passengers might not go under proper conditions. In the absence of some such circumstances, the contract of carriage did not come to an end by the passenger being upon the platform of the car as it approached the station, even though contrary to the rule. Violation of a reasonable rule of a common carrier by a passenger, not involving malicious conduct, moral turpitude, gross and wilful disregard of the rights of others or a plain surrender of the duty of a passenger, does not of itself alone terminate the contract of carriage and transform the one who was a passenger into a bare licensee or trespasser. There must also be a notice by the common carrier or some one acting in its behalf calling the attention of the passenger to his act, which may be due to inadvertence or momentary forgetfulness or misapprehension. A passenger who merely fails to observe such a reasonable regulation does not thereby, under ordinary circumstances without other facts appearing, cease to be a passenger. He puts himself in the wrong, and the carrier may withdraw from him the rights and privileges of a passenger; but until this is done expressly or impliedly the rights of the passenger are not terminated. The fact that a passenger was upon the platform of the car while it was in motion would not justify the servants of the carrier instantly in treating him as a trespasser and in forcibly and summarily ejecting him from the train, and in refusing to let him return to take his place as a passenger. Yet if he had ceased to be a passenger, this conduct would be well within the right of the carrier. *O'Brien* v. *Boston & Worcester Railroad,* 15 Gray, 20, 24. If after express notice of his wrongful conduct the passenger does not forthwith conform to the rule, then his rights as a passenger cease and he becomes a trespasser, and may be excluded from the train. But until notice of some kind, the relation of passenger is not ended. *Hull* v. *Boston & Maine Railroad, ante,*

159, and *Liversidge* v. *Berkshire Street Railway, ante,* 234, tend to support this view, although not reaching to the point now decided.

The clause of St. 1906, Part I, § 63, under which this action is brought, to the effect that no liability attaches to a railroad corporation "for the death of a person while walking and being upon its railroad contrary to law or to the reasonable rules and regulations of the corporation" does not help the defendant, because the pivotal inquiry is whether the plaintiff's intestate had ceased to be a passenger.

But upon another aspect of the case evidence of the "Regulation" was admissible. The plaintiff relied in part upon the gross negligence of the defendant's conductor and of the engineers of the express train and of the local train, as grounds of liability. Evidence upon which this was predicated as to the conductor was that as the train approached the station he came from the car, ahead of that in which the plaintiff's intestate was riding, upon the platform between the two cars, looked first into the car where the plaintiff's intestate was riding to see if he was getting up, and then looked ahead continuously by the side of his train to see if the express was coming. The jury might have found that the intestate standing upon the lower step of the car before it had come to a stop was whirled off by the current of air created by the passing express train, without knowledge of his presence there by the conductor. This being so, conduct which would constitute due care on the part of the conductor if the intestate knew of the rule would or might be very different from that required if there had been no rule and passengers were in the habit of riding upon the platform. The conductor ordinarily would have a right to assume that passengers would obey rules established for their safety and conspicuously posted. The standard of care which could be exacted of him might depend in vital measure upon his assumption that passengers would do their duty in this respect. No obligation to warn or otherwise care for passengers upon the platform or steps rested upon him while his train was in motion, if passengers had no right to be outside the car door until the train came to a stop, and the conductor did not in fact know of their presence there. If the rule was conspicuously posted, the conductor might assume with pro-

priety that passengers would comply with it and he would be in the exercise of due care if his conduct was that of a reasonably prudent man in view of that assumption.   Due care did not require him to act on the theory that passengers would be negligent.   Much less could he be found guilty of gross negligence for failure to act on that theory.   As bearing upon the gross negligence of the defendant's conductor the rule should have been admitted in evidence.   *O'Neill* v. *Lynn & Boston Railroad*, 155 Mass. 371.   *Cutts* v. *Boston Elevated Railway*, 202 Mass. 450, 455.   For the same reasons the regulation would be competent evidence bearing upon the gross negligence of the engineer of the express train and of the local train provided they or either of them knew of the posting of the regulation and did not know that commonly it was disregarded.

The remaining exception argued by the defendant is covered in large part by the earlier decision of this case, in 206 Mass. 557.   But so far as not included in that decision no error is shown.   Failure to see, on the part of a locomotive engineer, when he ought to have seen and when the consequences of such failure might result in the death of a human being, may be found to be gross negligence.

*Exceptions sustained.*