ETHEL B. SHAUGHNESSY *vs.* BOSTON AND MAINE RAILROAD.
THOMAS F. SHAUGHNESSY *vs.* SAME.

Middlesex.     November 10, 1915. — January 6, 1916.

Present: RUGG, C. J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Railroad. *Carrier,* Of passengers.

If a girl travelling as a passenger on a steam railroad leaves her seat as the train approaches the station of her destination, goes through the door, which has been opened by a fellow passenger, and stands upon the platform of the car while the train is in motion, where she is injured by the door swinging to upon her fingers at the moment that the train comes to a stop, it is extremely doubtful whether she can be found to have been in the exercise of due care.

A railroad corporation is not liable for an injury sustained by a passenger from the door of the car in which he was travelling having swung to upon his fingers after having been opened and pushed back against the catch by a fellow passenger, when the injured passenger had left his seat and was standing upon the platform of the car and the car was in motion approaching the station of the passenger's destination, such an accident disclosing no evidence of negligence on the part of the corporation.

TWO ACTIONS OF TORT, the first by a minor, by her next friend, for personal injuries sustained when the plaintiff was eighteen years of age and was a passenger on a train of the defendant travelling from Boston to Concord Junction on May 7, 1914, by

the swinging to of a door of the car upon the fingers of one of the hands of the plaintiff in the manner stated in the opinion; and the second action by the father of the plaintiff in the first case for expenses incurred by him for medical attendance and nursing by reason of her injuries. Writs dated respectively January 12 and 13, 1915.

The two cases were tried together before *Stevens,* J., who at the close of the evidence, which is described in the opinion, ordered a verdict for the defendant in each of the cases, and the plaintiff in each case alleged exceptions.

*E. O. Proctor,* for the plaintiffs.

*J. M. O'Donoghue,* for the defendant.

RUGG, C. J.  The plaintiff Ethel B. Shaughnessy was a passenger upon a steam train of the defendant.  As the train approached the station of her destination, but while it was several hundred feet away, she rose from her seat within a car and went through the door to the platform, following in this respect the conduct of other passengers and especially that of a neighbor, who opened the door of the car and jammed it hard against the catch on the floor, trying three or four times before it caught.  She stood on the platform of the car with her hand on the door jamb to steady herself, the train being still in motion.  At the instant of its coming to a stop in the usual manner, with no violent jolt or jar, the door swung against her fingers and she received injuries, to recover damages for which these actions are brought.

It was said of one travelling on a steam railroad, in *Hickey* v. *Boston & Lowell Railroad,* 14 Allen, 429, 432, "a passenger is not justified in incurring risks unnecessarily, however rare the chances may be that he will suffer by it. . . . If, then, the position upon the platform was taken voluntarily, and without reasonable cause of necessity or propriety," there is no exercise of due care.  This statement of the law in substance has been approved and reaffirmed in *Fletcher* v. *Boston & Maine Railroad,* 187 Mass. 463, 465, *Files* v. *Boston & Albany Railroad,* 149 Mass. 204, 206, *Torrey* v. *Boston & Albany Railroad,* 147 Mass. 412, 413, *Renaud* v. *New York, New Haven, & Hartford Railroad,* 210 Mass. 553, 555, and *Bromley* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 453.  It thus is extremely doubtful whether the plaintiff was in the exercise of due care.

There was no evidence of negligence on the part of the defendant. The car door was opened by a passenger and not by an employee of the railroad and swung together causing the injury, all before the train came to a stop. There is no more reason to attach the plaintiff's injury to fault of the defendant than to the conduct of the fellow passenger in insecurely or improperly adapting the door to the catch. *Casey* v. *New York, New Haven, & Hartford Railroad,* 207 Mass. 443. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. Moreover, a railroad common carrier is not bound to keep its doors, when opened by others, from closing at a time when the train is in motion and it commonly has no reason to expect passengers to be standing upon the platform. *Weinschenk* v. *New York, New Haven, & Hartford Railroad,* 190 Mass. 250, 252. *Renaud* v. *New York, New Haven, & Hartford Railroad,* 210 Mass. 553, 559. The case plainly is distinguishable from *Kellogg* v. *Boston & Maine Railroad,* 210 Mass. 324. There is no ground for the application of the doctrine of *res ipsa loquitur.*

*Exceptions overruled in each case.*