SVEN E. WIDEN *vs.* WARREN HOTEL COMPANY.

Worcester.    December 6, 1927. — January 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Of innholder. *Innholder,* Regulations as to baggage. *Agency,* Scope of authority. *Corporation,* Officers and agents.

At the trial in a district court of an action against a hotel corporation by a guest at the hotel for loss of baggage, it appeared that the plaintiff had been a frequent guest at the hotel; that, posted in conspicuous places in the rooms of the hotel and in that which the plaintiff usually occupied, were printed notices containing copies of regulations and of G. L. c. 140, §§ 10–13 that one of such regulations was: "Baggage may be left in charge of the porter, for which checks will also be given; when sent for, a written order must accompany the checks for the same. For articles not thus checked the management will not be responsible"; that the plaintiff had seen the notices but had not actual notice of the regulation above quoted; that when he registered on the occasion in question the room clerk told him that he could not have his usual room until later; that his luggage then was in the custody of a bellboy, who had deposited it ten or fifteen feet away from the desk near a sofa used "by the bellboys to sit upon while waiting to perform their usual duties"; that the room clerk also told the plaintiff that he could check his baggage or leave it

where it was and the bellboy would take it to his room when he returned; that the plaintiff took a book from his bag and after closing it left the hotel; and that the baggage was lost. The judge found that the room clerk waived the quoted regulation, but ruled as a matter of law that he had no authority to do so. *Held*, that

(1) It was not necessary for the defendant, in order to avail itself of the defence under G. L. c. 140, § 17, to show that the plaintiff had actual notice of the regulation in question: it was sufficient that his knowledge could be inferred, as the circumstances warranted, from the posted notice;

(2) Construed merely as a regulation requiring the plaintiff to place his baggage in the charge of the porter when a room had not been assigned to him and the custody of the baggage was not retained by him, the regulation was reasonable and proper;

(3) The ruling that the room clerk had no authority to waive the regulation was right;

(4) The finding for the defendant was proper.

CONTRACT OR TORT for loss of baggage. Writ in the Central District Court of Worcester dated March 12, 1925.

In the declaration, the plaintiff alleged that on January 19, 1925, the defendant was maintaining a hotel for the accommodation of guests in Worcester; that, while then a guest there, the plaintiff entrusted certain baggage with the defendant for safe keeping; "that the defendant agreed to keep the said goods safely without loss, but the said defendant so carelessly and negligently kept the same that afterwards and while the plaintiff was a guest at the said hotel the said baggage was taken and carried away by some person or persons to the said plaintiff unknown and are still wholly lost to the plaintiff." The defendant's answer as amended, besides containing a general denial, stated in substance that the loss of the plaintiff's baggage "was attributable to the negligence of the plaintiff or to the plaintiff's failure to comply with the regulations of the hotel which regulations were reasonable and proper and had been duly brought to the notice of the plaintiff by the defendant."

Material facts appearing and findings and ruling by the judge at the trial in the District Court are stated in the opinion. There was a finding for the defendant. A report by the judge was ordered dismissed by the Appellate Division for the Western District. The plaintiff appealed.

*C. H. L. Bock*, for the plaintiff.

*G. S. Taft*, for the defendant.

CARROLL, J.  This is an action for loss of the plaintiff's baggage while he was a guest at the hotel of the defendant, a corporation duly licensed as an innholder.  The action was brought in the District Court.  The judge found for the defendant, and filed a "memorandum" containing "all the evidence material to the questions reported."

The plaintiff had been a guest of the hotel for more than two hundred times, and "at least fifty times a year."  He generally occupied the same room.  On the morning of January 19, 1925, he registered at the defendant's hotel and was told by the room clerk that his regular room was occupied but it was expected to be vacated before noon "and that then the plaintiff could have it."  At the time of this conversation his baggage was in the custody of a bellboy, who had deposited it ten or fifteen feet away from the desk, near a sofa used "by the bellboys to sit upon while waiting to perform their usual duties."  When the clerk told the plaintiff about the room, he also said he could check his baggage or leave it where it was and the bellboy would take it to his room when he returned.  The plaintiff took a book from his bag and after closing it left the hotel.  On his return the bag could not be found and it never has been returned to him.

In conspicuous places in each room certain regulations and a printed copy of what is now G. L. c. 140, §§ 10–13, were posted.  These printed regulations had been posted in a conspicuous place in the rooms of the hotel during all the years the plaintiff had been a guest; they were printed in good size black faced type and were so posted that they could readily be seen.  One of the regulations was: "Baggage may be left in charge of the porter, for which checks will also be given; when sent for, a written order must accompany the checks for the same.  For articles not thus checked the management will not be responsible."

The judge found that a checking room was maintained; that the regulation was reasonable and proper; that the baggage was lost because of the plaintiff's failure to comply with the regulation; that the plaintiff, although he had seen the notices posted in the rooms, had no actual knowledge of the terms of the regulation; and he ruled that, as required

by G. L. c. 140, § 17, the regulation was duly brought to the plaintiff's notice. The judge found that the room clerk waived the regulation; but he ruled that it was beyond his authority to do so. On report to the Appellate Division, the report was dismissed, and the plaintiff appealed.

An innholder against whom a claim is made for loss by a guest may show under G. L. c. 140, § 17, that the loss is attributable to the failure of the guest to comply with regulations of the inn, if they are reasonable and proper and are shown to have been duly brought to the notice of the guest by the innholder. The regulation in the case at bar was plainly printed and a copy was posted in a conspicuous place in each room. This was in conformity to the statute; the innholder was not required to show that each guest had actual notice. The plaintiff could read English, he had occupied the room in which the regulation was posted on many occasions; his knowledge could be inferred from the posted notice. A regulation properly posted by a common carrier may be binding on a passenger. *Renaud* v. *New York, New Haven & Hartford Railroad,* 210 Mass. 553, and cases cited. Under the workmen's compensation act employees are bound by the contents of notices conspicuously posted. *Pecott's Case,* 223 Mass. 546. See also *Daniels* v. *New England Cotton Yarn Co.* 188 Mass. 260. Nothing contrary to this principle was decided in *Burbank* v. *Chapin,* 140 Mass. 123.

The regulation must be reasonable in order to excuse the innkeeper; and if this regulation is to be construed to require a guest to remove his baggage from his room and leave it in the charge of the porter, whenever the guest is absent from the room, it would not be, in our opinion a "reasonable and proper" regulation under the statute. But as a regulation requiring a guest to place his baggage in the charge of the porter, when a room had not been assigned to him, and the custody of the baggage was not retained by the guest, it was a reasonable and proper regulation, and in accordance with the statute. The innkeeper having supplied a proper place for the keeping of baggage, it was not unreasonable for him to call upon his guests to observe the regulation. See *Bur-*

*bank* v. *Chapin, supra; Renaud* v. *New York, New Haven & Hartford Railroad, supra.*

The trial judge ruled that the defendant's clerk did not have authority to waive the regulation in question. In our opinion this ruling was right. The clerk, while acting within the scope of his employment, bound the proprietor by his acts and words. He was in a position of authority, reliance could be placed on his directions and his instructions followed. In assigning rooms, in seeing to the comfort of guests, and in dealing with them in their business as such, he represented the innkeeper. But the printed regulations posted in the rooms were adopted, it is to be assumed, by the directors or officers of the corporation. Frequent violations of these regulations with the knowledge of the officers would be evidence that they were no longer valid, and they could be waived by such officers. But they could not be waived, under the facts shown in this case, by the clerk. He had authority to arrange for the care of the baggage of a guest, and one who was ignorant of the regulations could follow his directions and if loss or damage resulted he would have an action against the innkeeper. But in the case before us, the plaintiff must be held to have been familiar with the printed regulation posted in his room, which the clerk had no authority to waive. See *Twiss* v. *Boston Elevated Railway*, 208 Mass. 108.

*Order dismissing report affirmed.*